T.C. Memo. 2005-132


UNITED STATES TAX COURT


ROBERT HOLLIDAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18974-03L.              Filed June 1, 2005.


        P filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R
to proceed with collection by lien of assessed income
tax liabilities for 1991, 1992, and 1993.  P filed
joint returns with his spouse for these years that
reported total income of "$0" and a total tax of "$0"
on all three of the returns, to which were attached
identical lengthy documents that contained contentions
and arguments that are frivolous and/or groundless.  P
filed with the IRS a Request for a Due Process Hearing,
to which was attached a document raising several
reasons for P's disagreement with a proposed IRS
collection action.  P continues to pursue these issues,
all of which are refuted by the record and/or holdings
in prior cases.

        <u>Held</u>:  Remanding this matter to respondent's
Appeals Office for recording would be neither necessary
nor productive.

Held, further, R may proceed with collection of balances due as determined in a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.


Robert Holliday, pro se.

Jonae A. Harrison, for respondent.


MEMORANDUM OPINION


NIMS, Judge:  This case arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  This case was submitted fully stipulated pursuant to Rule 122, and the facts are so found.  The stipulation of the parties with accompanying exhibits is incorporated herein by this reference.

## Background

At the time the petition was filed in this case, petitioner resided in Phoenix, Arizona.

Petitioner failed to file timely Federal income tax returns for 1991, 1992, and 1993. Respondent prepared a Substitute for Return for each year pursuant to section 6020(b), and, on November 9, 1995, respondent mailed to petitioner a notice of deficiency for all taxable years. See Swanson v. Commissioner, 121 T.C. 111, 112 n.1 (2003). Petitioner and his spouse subsequently filed joint returns in 2000 for the taxable years 1991, 1992, and 1993. Petitioner and his spouse reported total income of "$0" and a total tax of "$0" on all of the returns. The Hollidays also attached a lengthy document to each of the returns that contained arguments that this Court has repeatedly found to be frivolous and/or groundless, see, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45, and we find this also to be true in this case. See also Holliday v. Commissioner, T.C. Memo. 2002-67, affd. 57 Fed. Appx. 774 (9th Cir. 2003).

On February 17, 2003, respondent issued to petitioner a letter entitled "Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320" relating to petitioner's unpaid tax liabilities for the aforementioned years. On March 22, 2003, petitioner submitted Form 12153, Request for a Collection Due Process Hearing, and attached a document which stated in part:

Notice of Lien - Explanation for Disagreement

    Income. (1) There was a failure to determine a
deficiency; (2) There was a failure to issue a Notice of

Deficiency; (3) There was a failure to generate an assessment list; (4) There was a failure of the Commissioner to certify and transmit the assessment list; (5) There was a failure to record the assessment; (6) failure to provide record of assessment; and, (7) failure to send Notice of Assessment.

Petitioner later notified respondent that he intended to audio record the administrative hearing. Respondent's Appeals officer advised petitioner that the hearing could not be recorded.

On September 17, 2003, petitioner attempted to record the scheduled administrative hearing at respondent's offices in Phoenix. The Appeals officer again informed petitioner that the hearing could not be recorded but offered to conduct the hearing without recording. Petitioner declined, and the hearing ended.

On October 2, 2003, respondent issued to petitioner a Notice of Determination in which the Appeals officer recommended proceeding with the lien.

Discussion

On November 6, 2003, petitioner filed a Petition for Lien or Levy Action under section 6330(d). Citing this Court's holding in Keene v. Commissioner, 121 T.C. 8 (2003), petitioner contends that respondent's determination was an abuse of discretion because the Appeals officer did not permit an audio recording of the administrative hearing. Petitioner raised a similar contention in response to a motion for summary judgment filed by respondent before trial. For reasons stated in the Court's order

of October 4, 2004, we denied respondent's motion, allowing the case to proceed to trial. However, when afforded the opportunity at the time of trial to present meritorious arguments permitted under section 6330(c)(2), petitioner chose to submit the case fully stipulated, reiterating only the frivolous protester arguments previously rejected in our order of October 4, 2004.

Because the underlying tax liability is not in dispute, we review the Appeals officer's actions under an abuse of discretion standard. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Under the abuse of discretion standard, a determination will be affirmed unless the respondent took action that was arbitrary or capricious, lacked sound basis in fact, or was not justifiable in light of the facts and circumstances. Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988).

Before a lien may be placed on any property or right to property, a taxpayer is entitled to notice of intent to file a lien and notice of the right to a fair hearing before an impartial officer of the IRS Appeals Office. Sec. 6320(a) and (b). Taxpayers may raise challenges to "the appropriateness of collection actions" and may make "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise". Sec. 6330(c)(2)(A). The Appeals officer

must consider those issues, verify that the requirements of applicable law and administrative procedures have been met, and consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person [involved] that any collection action be no more intrusive than necessary."  Sec. 6330(c)(3)(C).

Section 7521(a)(1) states that, upon the advance request of the taxpayer, an Internal Revenue Service officer or employee shall permit the taxpayer to make an audio recording of "any in-person interview * * * relating to the determination or collection of any tax".  As explained in our October 4, 2004, order in this case, in Keene v. Commissioner, 121 T.C. 8, 19 (2003), this Court held that taxpayers are entitled, pursuant to section 7521(a)(1), to audio record section 6330 hearings.  The taxpayer in that case had refused to proceed when denied the opportunity to record, and we remanded the case to allow a recorded Appeals hearing.  Id.

In contrast, again as noted in our October 4, 2004, order, we have distinguished, and declined to remand, cases where the taxpayer had participated in an Appeals Office hearing, albeit unrecorded, and where all issues raised by the taxpayer could be properly decided from the existing record.  E.g., id. at 19-20; Frey v. Commissioner, T.C. Memo. 2004-87; Durrenberger v. Commissioner, T.C. Memo. 2004-44; Brashear v. Commissioner, T.C.

Memo. 2003-196; Kemper v. Commissioner, T.C. Memo. 2003-195. Stated otherwise, cases will not be remanded to Appeals, nor determinations otherwise invalidated, merely on account of the lack of a recording when to do so is not necessary and would not be productive. See, e.g., Frey v. Commissioner, supra; Durrenberger v. Commissioner, supra; Brashear v. Commissioner, supra; Kemper v. Commissioner, supra; see also Lunsford v. Commissioner, 117 T.C. 183, 189 (2001). A principal scenario falling short of the necessary or productive standard exists where the taxpayers rely on frivolous or groundless arguments consistently rejected by this and other courts. See, e.g., Frey v. Commissioner, supra; Brashear v. Commissioner, supra; Kemper v. Commissioner, supra.

Because no hearing had been conducted at all in petitioner's case, we declined to grant respondent's motion for summary judgment. The record as it then existed did not foreclose the possibility that petitioner might have raised valid arguments had a hearing been held. Accordingly, we provided petitioner an opportunity before the Court at the trial session in Phoenix to identify any legitimate issues he wished to raise that could warrant further consideration of the merits of his case by the Appeals Office or this Court. Petitioner, however, merely continued to focus on the denial of a recorded hearing and offered no substantive issues of merit.

Hence, despite repeated warnings and opportunities, the only contentions other than the recorded hearing issue advanced by petitioner, i.e., the notice of deficiency and assessment issues discussed below, are of a nature previously rejected by this and other courts. The record therefore does not indicate that any purpose would be served by remand or additional proceedings. The Court concludes that all pertinent issues relating to the propriety of the collection determination can be decided through review of the materials before it.

Petitioner claims that there was a failure to issue a notice of deficiency or a determination of a deficiency. However, while a deficiency notice is not in the record, petitioner does not seek to challenge respondent's determination of his income tax liability for the 3 years in issue and agrees that the standard for review in this case is abuse of discretion. We deem this to be a concession by petitioner that there was a deficiency notice and a determination of a deficiency, notwithstanding petitioner's assertion to the contrary. Petitioner alleges irregularity in respondent's assessment procedure, but caselaw establishes that a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, included in the record for each year at issue, satisfies the verification requirements under section 6330(c)(1) and constitutes presumptive evidence that a tax has been validly assessed. See Roberts v. Commissioner, 118 T.C. 365, 371 n.10

(2002), affd. 329 F.3d 1224 (11th Cir. 2003); <u>Davis v. Commissioner</u>, 115 T.C. 35 (2000).  Respondent also properly notified petitioner of the assessments by issuing a notice of balance due for each taxable year.  See, e.g., <u>Hughes v. United States</u>, 953 F.2d 531, 536 (9th Cir. 1992).

Petitioner's meritless arguments support the conclusion that remanding this matter to respondent's Appeals Office for recording would be neither necessary nor productive, and we so hold.

We have considered all of petitioner's contentions and arguments that we have not discussed, and we find them to be without merit and irrelevant.

Further, we hold that respondent correctly determined that collection efforts should proceed.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.