Lucinda A. YAZZIE, Petitioner— Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.**

**No. 05–70541.**

**IRS No. 03–15422.**

United States Court of Appeals, Ninth Circuit.

Submitted: Nov. 8, 2005.*

Decided: Nov. 10, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lucinda A. Yazzie, Window Rock, AZ, pro se.

Charles S. Casazza, B. John Williams, Jr., Esq., Gary R. Allen, Esq., Robert L. Baker, Esq., Washington, DC, for Respondent–Appellee.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

### MEMORANDUM **

Lucinda Yazzie appeals *pro se* from the Tax Court's summary judgment in favor of the Commissioner of Internal Revue ("Commissioner"). This Court has jurisdiction pursuant to 26 U.S.C. § 7482. This Court reviews summary judgment *de novo*. *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir.1992). Penalties imposed pursuant to 26 U.S.C. § 6673 are reviewed for abuse of discretion. *Larsen v. Commissioner*, 765 F.2d 939, 941 (9th Cir.1985).

Yazzie is barred from contesting the underlying tax liability on appeal because there is no dispute she received the notice of deficiency and did not properly challenge her liability for the tax. I.R.C. § 6330(c)(2)(B); *Nestor v. Comm'r*, 118 T.C. 162, 2002 WL 236682 ( 2002); *Sego v. Commissioner*, 114 T.C. 604, 610, 2000 WL 889754 (T.C.2000); *Goza v. Commissioner*, 114 T.C. 176, 182–83, 2000 WL 283864 (2000).

We reject the contention that IRS personnel lack authority to act on behalf of the Secretary. I.R.C. §§ 6212(a), 6320(a), 6330(a), 7701(a)(11)(B) and 12(A)(i), and 7803(a)(2); *Hughes v. United States*, 953 F.2d 531, 536 (9th Cir.1992); *see also Nestor*, 118 T.C. at 165 (2002). There is no

merit to the argument that the payment of income tax is voluntary, or that no statute imposes liability for income tax. *In Re Becraft*, 885 F.2d 547, 548 (9th Cir.1989); *Wilcox v. Commissioner*, 848 F.2d 1007, 1008 (9th Cir.1988) ("paying taxes is not voluntary").

Because the Form 4340 indicates the notice of assessment and demand for payment was sent, the burden shifts to the taxpayer to demonstrate the notice was not sent. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir.1993). The district court did not err in entering summary judgment against Petitioner because Petitioner failed to set forth specific facts showing the IRS did not send her the notice and demand.

Finally, the Tax Court did not abuse its discretion and a penalty of $2,000 was properly imposed against Petitioner pursuant to I.R.C. § 6673.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.