Robert HOLLIDAY, Petitioner,

v.

COMMISSIONER of INTERNAL REVENUE, Respondent.

No. 05–75359.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Filed June 21, 2006.

Robert Holliday, Phoenix, AZ, pro se.

Lynne L. Glasser, Clerk, U.S. Tax Court, Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Eileen J. O'Connor, Esq., Mary R. Pelletier, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM **

Robert Holliday appeals pro se from the Tax Court's decision, entered after trial, permitting the Commissioner of Internal Revenue ("Commissioner") to proceed with a collection action for tax years 1991, 1992, and 1993. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review de novo, *Charlotte's Office Boutique v. Comm'r*, 425

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

F.3d 1203, 1211 (9th Cir.2005), and we affirm.

Holliday's sole contention on appeal is that he is entitled to a remand of his case so that he may record the collection due process ("CDP") hearing. Although a petitioner is entitled to record a CDP hearing under 26 U.S.C. § 7521(a), a remand serves no useful purpose where a petitioner's remaining contentions are frivolous. *See Kemper v. Comm'r,* 86 T.C.M. 12, 16 (2003). The Tax Court properly concluded that remand was unnecessary because, after the Tax Court denied the Commissioner's motion for summary judgment and gave Holliday the opportunity to raise a non-frivolous issue at trial, Holliday simply reasserted the issues raised in his request for a CDP hearing, already characterized as frivolous in the Tax Court's prior order, and then challenged the refusal to permit recording. *See id.*

Accordingly, the Tax Court properly held that the underlying tax liability was not at issue, *see Bob Wondries Motors, Inc. v. Comm'r,* 268 F.3d 1156, 1161 (9th Cir.2001) (deeming waived the challenge to the underlying tax liability when not squarely raised in the petition), and sustained the deficiency determination based on the Forms 4340 for the years in question, *see Hughes v. United States,* 953 F.2d 531, 535–36 (9th Cir.1992).

**AFFIRMED.**