T.C. Memo. 2006-178

UNITED STATES TAX COURT

DWIGHT SCHWERSENSKY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17983-03L.                    Filed August 24, 2006.

Dwight Schwersensky, pro se.

<u>Sylvia L. Shaughnessy</u>, for respondent.

MEMORANDUM OPINION

GALE, <u>Judge</u>:  This case is before the Court on respondent's
motion for summary judgment on the issue of whether he may
proceed by levy to collect unpaid income taxes for petitioner's
2000 tax year.  Respondent's motion also seeks a penalty under

section 6673.[1]  A hearing was held thereon.  For the reasons set forth below, we shall grant respondent's motion.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted where there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(a) and (b).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party.  Craig v. Commissioner, 119 T.C. 252, 260 (2002); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  The party opposing summary judgment must set forth specific facts which show that a genuine question of material fact exists and may not rely merely on allegations or denials in the pleadings.  Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

---

[1] Unless otherwise noted, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background[2]

At the time of filing the petition, petitioner resided in Poway, California.

On April 15, 2001, petitioner and his wife (Mrs. Schwersensky)[3] jointly submitted a Form 1040, U.S. Individual Income Tax Return, for 2000 on which they inserted zeros into every line related to income and taxes and attached a two-page statement of frivolous tax protester arguments.[4]  Petitioner and Mrs. Schwersensky included with the Form 1040 two Forms W-2, Wage and Tax Statement, for 2000, indicating that Qualcomm, Inc. paid petitioner $551,779.60 in wages and withheld Federal income tax of $144,201.31, and that Marantha Chapel paid Mrs. Schwersensky $6,630.00 in wages and withheld $262.50 in Federal income tax. The Form 1040 sought a refund of the couple's combined withholdings of $144,463.81.  On May 18, 2001, respondent advised petitioner and Mrs. Schwersensky by letter that the Form 1040 they submitted for 2000 was frivolous and that the position taken

---

[2] The facts hereinafter are established in the record and/or undisputed.

[3] Although petitioner's spouse, Maureen T. Schwersensky, requested a sec. 6330 hearing jointly with petitioner and the resulting notice of determination was issued to both, only petitioner filed a petition in this case.

[4] These contentions included, inter alia, that "no section of the Internal Revenue Code * * * establishes an income tax 'liability'" and "'income' * * * can only be a derivative of corporate activity."

therein had no basis in law. The letter offered petitioner and Mrs. Schwersensky an opportunity to correct the return within 30 days without penalty.

Petitioner subsequently sent only frivolous, tax protester correspondence to respondent concerning 2000. Respondent accordingly issued petitioner and Mrs. Schwersensky a notice of deficiency with respect to 2000, determining that petitioner and Mrs. Schwersensky had income in the amount of the wages reported on their Forms W-2, income from the sale of securities of $600,552, and other income, resulting in a deficiency of $429,118, and taking into account amounts withheld, an underpayment of tax of $284,654, plus a $56,931 penalty determined under section 6662(a) (collectively, including interest, the 2000 liability). Petitioner and Mrs. Schwersensky received the notice of deficiency, as petitioner referred to it in a subsequent letter to respondent challenging the authority of the individual who issued it and containing additional frivolous tax protester arguments. However, no petition was filed with respect to the deficiency notice.

A certified copy of Form 4340, Certificate of Assessments and Payments, covering petitioner's 2000 taxable year, records that respondent assessed the 2000 liability on August 19, 2002, and sent notices of balance due to petitioner on August 19, 2002, and December 9, 2002.

On February 21, 2003, respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to the 2000 liability.  On March 15, 2003, petitioner made a timely request for a hearing, wherein he raised numerous issues, including: (i) That he was challenging the appropriateness of the collection action, (ii) that no valid underlying assessment was ever made, (iii) that he had never received the "statutory 'Notice and Demand' for payment of the taxes at issue", and (iv) that he was "challenging the existence of the underlying liability" under section 6330(c)(2)(B).  In the hearing request, petitioner also demanded that respondent produce various documents at the section 6330 conference[5] and stated his intention to record the conference.[6]

In response to petitioner's request for a hearing, an Appeals settlement officer sent petitioner a letter on July 29, 2003, scheduling a conference for August 13, 2003.  The letter

---

[5] For example, petitioner requested that respondent provide copies of assessment certificates and all supporting records, names and "IRS employee ID's" of the individuals who prepared and signed the assessment certificates and the notice and demand for payment, and a copy of the statute "that authorizes the Secretary to 'estimate the amount of taxes which have been omitted to be paid on the basis of my 2000 return'".

[6] The hearing request also included voluminous amounts of tax protester rhetoric, such as that "In order to deceive people, IRS employees FALSELY claim that 26 USC Sections 1, 3, 61, 62, 63 or 861 makes a person liable for income tax and requires (mandatory) the person to pay it.  NONE of these Sections makes anyone 'liable' for income tax NOR 'requires' (mandatory) anyone to pay such tax."

advised that no tape or stenographic recordings of the conference would be allowed, and that petitioner would be precluded, under section 6330(c)(2)(B), from challenging the underlying liability for 2000 because he had received a notice of deficiency for 2000 but had not filed a petition in response thereto.  The letter included a copy of the Form 4340 for petitioner's 2000 taxable year recording that notice and demand for payment had been made, contrary to petitioner's earlier claim.  The letter further advised that if petitioner wished to consider alternatives to the proposed levy action, such as an installment agreement, he should bring with him a completed Form 433-A, Collection Information Statement for Individuals, as well as completed income tax returns for 2001 and 2002.

Petitioner appeared for the conference, rescheduled for September 10, 2003, at his request, accompanied by a witness and a court reporter.  The settlement officer terminated the conference rather than allow petitioner to record it.

On September 23, 2003, a Letter 3193, Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) was issued to petitioner. The settlement officer determined that the proposed levy action should be sustained in light of petitioner's refusal to abide by the procedures the Office of Appeals had established for conducting section 6330 conferences, notably petitioner's refusal

to forgo recording the conference. The notice of determination: (i) Stated that Appeals had verified that all of the requirements of applicable law and administrative procedures had been met, including the making of a valid assessment; (ii) answered petitioner's contention that he never received notice and demand for payment by noting that the settlement officer had provided petitioner a copy of his Form 4340 for 2000 documenting that notice and demand for payment had been sent; (iii) answered petitioner's challenge to the existence of the underlying tax liability by advising that petitioner was precluded from pursuing such a challenge because he had received a notice of deficiency (as indicated by his correspondence referencing it); (iv) noted that petitioner had failed to provide the requested financial information regarding potential collection alternatives; and (v) concluded that the proposed levy balanced the need for the efficient collection of taxes with the legitimate concern that the collection action be no more intrusive than necessary.

Petitioner timely filed a petition in response to the notice of determination, wherein he alleged, inter alia, that he had never received a notice of deficiency, that he had not received any "taxable" income for 2000, and that respondent had violated the law by denying petitioner his right to record his section 6330 conference pursuant to section 7521.

In his response opposing respondent's motion for summary judgment, petitioner in general raises the challenges noted above, and further contends:  (i) That no "valid" notice of deficiency was issued to him for 2000, (ii) that respondent failed to provide the requested documents or verification that the requirements of any applicable law or administrative procedure had been met, (iii) that the collection action had not been authorized as required by section 7401, and (iv) that the notice of petitioner's right to a hearing under section 6330 was invalid because it was not issued by the Secretary, as required by section 6330(a)(1), or the Secretary's duly authorized delegate, as provided in section 7701(a)(11)(B) and (a)(12)(A)(i).[7]

---

[7] Consistent with his other submissions, petitioner's response to the motion for summary judgment contained approximately eight pages of tax protester rhetoric, including such arguments as:

> [T]here is no statute anywhere in * * * the Internal Revenue Code which makes Dwight Schwersensky liable for the tax imposed in 26 U.S.C. §1 or 26 U.S.C. §871.

> *       *       *       *       *       *       *

> [N]o international maritime contract (or other contract) exists wherein Dwight Schwersensky is in privity with the Internal Revenue Service.  The IRS is acting as a third party debt collector under some undisclosed contract for some undisclosed third party. * * * Commissioner has Burden of proof that a contract exists to compel me with a "duty" and "obligation" to perform and if no contract is produced must provide a "liability" statute to make me "liable" [in order] to issue a Notice of Deficiency.

(continued...)

## Discussion

Introduction

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after notice and demand for payment is made. Section 6331(d) provides that the levy authorized in section 6331(a) may be made with respect to any unpaid tax only if the Secretary has given written notice to the taxpayer 30 days before the levy. Section 6330(a) requires the Secretary to send a written notice to the taxpayer of the amount of the unpaid tax and of the taxpayer's right to a section 6330 hearing at least 30 days before any levy is begun.

If a section 6330 hearing is requested, the hearing is to be conducted by Appeals, and, at the hearing, the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(b)(1), (c)(1). The taxpayer may raise at the hearing "any relevant issue" relating to the unpaid tax or the proposed levy. Sec. 6330(c)(2)(A). The taxpayer may also raise challenges to the

---

[7](...continued)

\* \* \* \* \* \* \*

Dwight Schwersensky is NOT a U.S. citizen but in fact is a California National, a Member of the Republic.

We note that, notwithstanding the last assertion, petitioner stated in his request for a hearing: "I am a U.S. citizen."

existence or amount of the underlying tax liability if the taxpayer did not receive a statutory notice of deficiency with respect thereto or did not otherwise have an opportunity to dispute that liability.  Sec. 6330(c)(2)(B).  However, if the taxpayer received a notice of deficiency and failed to petition the Tax Court, he may not challenge the underlying liability in the section 6330 proceeding.  Goza v. Commissioner, 114 T.C. 176, 183 (2000).

At the conclusion of the hearing, the Appeals officer must determine whether and how to proceed with collection and shall take into account (i) The verification that the requirements of any applicable law or administrative procedure have been met, (ii) the relevant issues raised by the taxpayer, (iii) challenges to the underlying tax liability by the taxpayer, where permitted, and (iv) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary.  Sec. 6330(c)(3).

We have jurisdiction to review the Appeals officer's determination where we have jurisdiction over the type of tax involved in the case.  Sec. 6330(d)(1)(A); see Iannone v. Commissioner, 122 T.C. 287, 290 (2004).

Where the underlying tax liability is properly at issue, we review the determination de novo.  Goza v. Commissioner, supra at

181-182. Where the underlying tax liability is not at issue, we review the determination for abuse of discretion. Id. at 182. Whether an abuse of discretion has occurred depends upon whether the exercise of discretion is without sound basis in fact or law. See Freije v. Commissioner, 125 T.C. 14, 23 (2005); Ansley-Sheppard-Burgess Co. v. Commissioner, 104 T.C. 367, 371 (1995).

Standard of Review of Determination

At the hearing on respondent's motion, petitioner conceded receiving the notice of deficiency for 2000 and failing to file a petition for redetermination. He maintains that the notice of deficiency was invalid. Having received the notice and failed to file a petition with respect to it, petitioner may not challenge it now or otherwise contest the underlying tax liability in this proceeding.[8] Goza v. Commissioner, supra at 183. As the underlying liability is therefore not at issue, respondent's determination is reviewed for abuse of discretion. Id. at 182; see also Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Respondent's Determination

Petitioner repeatedly stated that he is challenging "the appropriateness of the collection actions" as provided in section 6330(c)(2)(A)(ii). He has provided no specifics, however. In

_____

[8] The letter petitioner sent to the IRS Service Center that disputed the notice of deficiency contained only frivolous tax protester arguments.

any event, he has not disputed the assertion in the notice of determination that he failed to provide a collection information statement as requested by the settlement officer. Consequently, petitioner's claim is no bar to summary judgment, as it is not an abuse of discretion for Appeals personnel to refuse to consider collection alternatives where a taxpayer fails to submit requested financial information. Sapp v. Commissioner, T.C. Memo. 2006-104; Picchiottino v. Commissioner, T.C. Memo. 2004-231; Newstat v. Commissioner, T.C. Memo. 2004-208.

Petitioner also contended throughout the hearing process and contends now that there was never a valid assessment of the 2000 liability pursuant to section 6203 and that he never received notice and demand for payment of it, as required by section 6303. However, the certified Form 4340 for petitioner's 2000 taxable year establishes otherwise on both counts. In the absence of any showing of irregularity, Forms 4340 are presumptive evidence that a tax has been validly assessed under section 6203. Davis v. Commissioner, 115 T.C. 35, 40-41 (2000). Furthermore, a "notice of balance due" (which was sent to him, as recorded on petitioner's Form 4340) constitutes "notice and demand for payment" for purposes of section 6303(a). Craig v. Commissioner, 119 T.C. at 262-263; Schaper v. Commissioner, T.C. Memo. 2002-203. Petitioner has put forth no specific allegation, beyond his general denials, that would tend to show an irregularity in the

Form 4340, in the assessment or in the notice and demand for payment. It is undisputed that petitioner received a notice of deficiency and a notice of intent to levy with respect to 2000, which are also both sufficient for purposes of section 6303(a). Craig v. Commissioner, supra at 263. We therefore find no abuse of discretion in the notice of determination's verification that all applicable procedural requirements, including the foregoing, were followed.

Petitioner's contention that the settlement officer failed to provide him certain documents or the verification that the requirements of any applicable administrative procedure had been met is also unavailing, as respondent need not do so. Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002).[9]

Petitioner's contention that the instant collection action has not been authorized as required by section 7401 is meritless. Section 7401 applies to a "civil action". The levy at issue (made pursuant to section 6331) is an administrative action that does not necessitate the institution of a civil suit. See Carrillo v. Commissioner, T.C. Memo. 2005-290; Williams v.

---

[9] Petitioner also contends that the settlement officer failed to verify that the requirements of any applicable law or administrative procedure had been met, as required by sec. 6330(c)(1). Suffice to say that, as discussed above, all specific challenges made by petitioner to the procedures followed by respondent in maintaining this collection action are meritless, and petitioner's general contrary allegation is insufficient to bar summary judgment. See Hromiko v. Commissioner, T.C. Memo. 2003-107.

Commissioner, T.C. Memo. 2005-94; Yazzie v. Commissioner, T.C. Memo. 2004-233, affd. 153 Fed. Appx. 456 (9th Cir. 2004); see also United States v. Rodgers, 461 U.S. 677, 682-683 (1983).

Petitioner further claims, in opposition to summary judgment, that he was not provided notice of his right to a section 6330 hearing by the Secretary or his delegate, as required by section 6330(a)(1). See also sec. 7701(a)(11)(B), (12)(A)(i). This claim is also meritless, as the Secretary has delegated the authority to issue notices of intent to levy to a host of Internal Revenue Service employees. Delegation Order No. 191 (Rev. 3), effective June 11, 2001; see also Craig v. Commissioner, supra at 263; Yazzie v. Commissioner, supra. We note also that there is no requirement that a notice of intent to levy be signed. Everman v. Commissioner, T.C. Memo. 2003-137.

Petitioner contends that his right to a hearing under section 6330 was infringed as a result of the settlement officer's decision to terminate the conference rather than allow petitioner to record it. In Keene v. Commissioner, 121 T.C. 8 (2003), we held that section 7521(a)(1) entitles taxpayers to audio record conferences held pursuant to sections 6320 and 6330. However, in Kemper v. Commissioner, T.C. Memo. 2003-195, issued on the same day as Keene, and also involving a failure to accord the taxpayer the opportunity to audio record his section 6330 conference, we held that, because the only arguments the

taxpayers had advanced were frivolous and groundless, it was not necessary to remand the taxpayers' case to the Office of Appeals so that a second conference airing the contentions could be audio recorded.

Petitioner was questioned by the Court at the hearing on respondent's motion for summary judgment concerning the issues he wished to raise at a conference on remand. Petitioner stated that the issues were the same as those listed in his request for a hearing, as well as an innocent spouse claim on behalf of Mrs. Schwersensky. As discussed above, the issues raised in petitioner's hearing request are all frivolous and/or groundless. As for the innocent spouse claim, Mrs. Schwersensky's entitlement to relief under section 6015 is irrelevant to this case, which concerns only whether respondent may proceed with his collection action <u>against</u> <u>petitioner</u>.[10] The remaining arguments raised by petitioner are nothing more than tax protester rhetoric and legalistic gibberish.[11] We do not address such arguments with somber reasoning and copious citations of precedent, as to do so might suggest that they possess some colorable merit. See <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).

---

[10] Mrs. Schwersensky failed to petition this Court within 30 days of respondent's notice of determination as to her. See sec. 6330(d)(1); cf. <u>Moorhous v. Commissioner</u>, 116 T.C. 263, 271 (2001) (jointly filing spouses are not a single "person" for purposes of sec. 6330).

[11] See <u>supra</u> notes 4, 6, and 7.

Because petitioner has admitted the issues he seeks to raise, and they are all frivolous, groundless, or irrelevant, we conclude that neither trial nor a remand to Appeals to allow a recorded hearing is necessary. Respondent's failure to afford petitioner an opportunity to record the section 6330 conference was harmless error, and further proceedings in this case would not be productive. See Holliday v. Commissioner, 97 AFTR2d 2006-3045, 2006-2 USTC par. 50,430 (9th Cir. 2006), affg. T.C. Memo. 2005-132; Johnston v. Commissioner, 153 Fed. Appx. 451 (9th Cir. 2005), affg. T.C. Memo. 2004-224; Lunsford v. Commissioner, 117 T.C. 183, 189 (2001); Lee v. Commissioner, T.C. Memo. 2004-264.

We therefore conclude that there are no genuine issues of material fact present in this case, and hold that respondent is entitled to judgment as a matter of law regarding the proposed collection activity. Accordingly, we shall grant respondent's motion for summary judgment.

Section 6673 Penalty

Respondent has also moved for a penalty under section 6673. Section 6673(a)(1) authorizes this Court to require a taxpayer who has instituted or maintained a proceeding primarily for delay, or whose position is frivolous or groundless, to pay a penalty of up to $25,000 to the United States. See Williams v. Commissioner, 119 T.C. 276, 280-281 (2002); Bagby v.

Commissioner, 102 T.C. 596, 614 (1994); Stamos v. Commissioner, 95 T.C. 624, 638 (1990), affd. without published opinion 956 F.2d 1168 (9th Cir. 1992).

In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), this Court issued a stern warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who abused the availability of the protections offered by sections 6320 and 6330 by instituting actions merely for purposes of delay or by taking frivolous or groundless positions in such actions. See Kemper v. Commissioner, supra.

Petitioner's essential position in this case is that he owes no Federal income taxes despite having received over a half a million dollars in wages and, according to information returns that have not been legitimately disputed, more than $600,000 in proceeds from securities trading. Petitioner further invents numerous groundless claims to defeat respondent's collection of duly assessed taxes. Petitioner's position is patently frivolous. His tax protester arguments persuade us that he invoked the section 6330 protections in bad faith. Respondent's motion for summary judgment and to impose a penalty put petitioner on effective warning that section 6673 penalties might be imposed. Petitioner nonetheless persisted in his course of conduct, as evidenced by the tax protester rhetoric in his response to respondent's motion. Petitioner has merely wasted

the time and resources of respondent and this Court.  We shall therefore impose a substantial penalty on petitioner pursuant to section 6673(a)(1), in the amount of $15,000.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.