T.C. Memo. 2012-58

UNITED STATES TAX COURT

DENNIS C. JACKSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17268-08L.                    Filed March 5, 2012.

Dennis C. Jackson, pro se.

<u>Kimberly L. Clark</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  Pursuant to sections 6320(c) and 6330(d), petitioner

seeks review of respondent's determinations sustaining the filing of a Federal tax

lien with respect to petitioner's Federal income tax liabilities for 1999, 2000, 2001, and 2002 and sustaining a proposed levy to collect these taxes.[1] The Court has previously granted respondent's motion for partial summary judgment with respect to petitioner's taxable years 1999, 2000, and 2001. The issues remaining for decision are: (1) whether to sustain respondent's determinations with respect to petitioner's 2002 tax liabilities; and (2) whether to grant respondent's motion to impose a penalty against petitioner pursuant to section 6673(a).

## Background

None of the facts have been stipulated because petitioner refused to stipulate as required by Rule 91. Petitioner lived in Oregon when he filed his petition.

Petitioner failed to file Federal income tax returns for 1999, 2000, 2001, and 2002. The Internal Revenue Service (IRS) conducted an examination and executed substitutes for returns pursuant to section 6020(b) on petitioner's behalf. On January 21, 2004, respondent mailed petitioner notices of deficiency for 1999, 2000, and 2001. On November 23, 2004, respondent mailed petitioner a notice of deficiency for 2002. In the notice of deficiency for 2002 respondent determined that

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

petitioner had $24,604 of unreported income, giving rise to a $2,235 deficiency.[2] Respondent also determined that for 2002 petitioner was liable for a $499 addition to tax pursuant to section 6651(a)(1) for failure to file his tax return timely and a $277 addition to tax pursuant to section 6651(a)(2) for failure to pay timely.

Petitioner filed no Tax Court petition in response to any of the notices of deficiency for the years 1999 through 2002. Consequently, respondent assessed petitioner's unpaid tax liabilities for these years.

On December 13, 2005, respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing, with respect to these assessments. On January 3, 2006, petitioner submitted a Form 12153, Request for

---

[2]Respondent determined the tax using a single filing status for petitioner. Although respondent's counsel at trial elicited testimony from petitioner that he was married during 2002, neither party has raised any issue as to petitioner's proper filing status, and we deem any such issue waived.

a Collection Due Process Hearing, raising frivolous and groundless arguments.[3]  The hearing request did not raise spousal defenses or collection alternatives.

On May 1, 2006, respondent sent petitioner a Letter 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing.  On May 12, 2006, petitioner submitted another Form 12153, raising essentially the same arguments as before, except asserting for the first time:  "I have no record of receiving a Notice of Deficiency for the year 2002."

By letter dated September 11, 2006, respondent's settlement officer advised petitioner that a telephone conference had been scheduled for October 3, 2006, and requested certain documents.  The letter stated that petitioner would be allowed a face-to-face hearing on any nonfrivolous issue, provided that he identified the nonfrivolous issue within 14 days by writing or calling the settlement officer.  By letter dated September 25, 2006, petitioner demanded a face-to-face hearing,

---

[3]In a letter attached to the Form 12153, petitioner stated:  "The heart of this matter is the lack of any statute which clearly and unequivocally makes me liable for (or subject to) the tax imposed within Subtitle A of the Internal Revenue Code."  Petitioner further stated:  "Please be aware that I have made the determination that I am not liable for (or subject to) the taxes the IRS alleges I owe, and therefore I am not a 'taxpayer' ".  Also attached to the Form 12153 was a "Schedule of Disputed Issues", listing nine frivolous and groundless issues he intended to raise at the hearing, including that the IRS had failed to identify any authority to make a determination that he is a "taxpayer" and that only foreign-earned income counts as "taxable income".

asserting that because he had received no notice of deficiency for 2002 he expected to challenge his underlying liability at the hearing. The letter did not, however, identify any nonfrivolous basis for any such challenge.

Petitioner failed to call the settlement officer as requested for the scheduled October 3, 2006, telephone conference and did not provide her any of the requested documents.

By letter dated August 27, 2007, the settlement officer offered petitioner another telephone conference on September 11, 2007, and again requested certain documents. As in her previous letter, the settlement officer advised petitioner that he would be allowed a face-to-face hearing on any nonfrivolous issue, provided that he identified the nonfrivolous issue within 14 days by writing or calling the settlement officer. The record does not establish that petitioner ever responded to this letter. In any event, petitioner again failed to call the settlement officer as requested for the scheduled September 11, 2007, telephone conference and still did not provide the requested documents.

In the notice of determination dated June 9, 2008, respondent sustained the notice of filing of tax lien and the proposed levy with respect to petitioner's income tax liabilities for 1999, 2000, 2001, and 2002. The notice of determination states that on the basis of her review of the administrative files, transcripts, and

information that petitioner had submitted, the settlement officer had verified that all applicable laws, regulations, and administrative procedures had been followed in connection with the assessments and proposed collection of the taxes at issue.[4]

Petitioner timely petitioned this Court. The petition states: "This petition is filed under protest as there's no evidence I'm a 'taxpayer' and remedy for nontaxpayers does not lie with the tax court or any remedy set forth in the tax code". The petition contains two assignments of error: (1) that the IRS had put forth arbitrary "legal opinions" that petitioner is a "taxpayer" without facts to support such opinions; and (2) that petitioner did not receive a proper hearing because: "A telephone call discussing how an 'assessment' will be paid is not a hearing in the legal sense, but a 'sham or a pretense'."

On January 7, 2010, petitioner filed a motion to vacate the assessments at issue in this case because respondent's counsel had allegedly failed to respond to his purported request for admissions. The Court filed this document as petitioner's motion to review the sufficiency of respondent's answers or objections to petitioner's request for admissions. By order dated January 19, 2010, the Court

---

[4]In particular, the settlement officer's log indicates that she investigated petitioner's claim that he had not received a notice of deficiency for 2002 and verified through internal transcripts that the notice had been forwarded to him, although she was unable to secure a copy of it.

denied petitioner's motion because he had not properly filed with the Court any request for admissions as required by Rule 90(b).

On February 2, 2010, the Court received from petitioner a letter dated January 25, 2010, accompanied by a document described in the letter as a request for admissions, requesting discovery of information primarily in furtherance of frivolous and groundless contentions.[5]  The Court filed these documents as petitioner's second motion to review the sufficiency of respondent's answer or objection to petitioner's request for admissions.  By order dated February 16, 2010, the Court denied this motion because:  (1) the motion was not timely filed with the Court as required by Rule 90; (2) the document captioned "informal request

_____

[5]The first sentence of the purported request for admissions states:  "This is an informal request for discovery; please provide me with the following".  The document lists six numbered requests for information, including the names and badge numbers of every "witness" "personally involved [in] making decisions against" petitioner; the names of any "witnesses" who are "experts in the interpretation and application of United States tax law"; any "admissible evidence" that petitioner is "subject to the laws of the United States"; any "admissible evidence" that petitioner is a "taxpayer"; any "admissible evidence" that petitioner received "taxable income"; and any "admissible evidence" that "petitioner has any obligation to file tax returns imposed by laws of the United States."  The document also lists 15 numbered "admissions * * * to be given to the witnesses the Commissioner relies on to support his assessments against Dennis Jackson", requesting that these witnesses admit or deny various frivolous and groundless contentions, such as that there is no evidence to prove that petitioner is a "taxpayer" subject to U.S. laws and that the witness does not know the difference between a "taxpayer" and a "non-taxpayer".

for discovery" did not constitute a proper request for admissions within the meaning of Rule 90(a); and (3) the discovery requests did not appear to advance the development of the case.

On September 17, 2010, petitioner again filed the same "informal request for discovery" but this time with a cover letter stating that it was a request for admissions. On November 12, 2010, respondent filed a motion for a protective order that the Court excuse him from answering petitioner's so-called request for admissions and prohibit petitioner from serving any further formal discovery requests or requests for admissions without first obtaining leave of the Court. On December 8, 2010, the Court granted respondent's motion, finding that petitioner's September 17, 2010, request for admissions, like the substantially identical document that was the subject of the Court's February 16, 2010, order, did not constitute a proper request for admissions within the meaning of Rule 90 and did not appear to advance the development of the case. The Court further observed that the purported requests for admissions appeared to have been propounded primarily in furtherance of frivolous arguments and were not reasonably calculated to lead to the discovery of admissible evidence. The Court's order stated:

Furthermore, we are not persuaded that petitioner has complied with Rule 70(a) and made reasonable attempts to obtain informally facts that might be germane to any nonfrivolous issues in this case. Petitioner's repeated attempts to use improper requests for admissions, even after being advised by the Court that they are improper, constitutes an abuse of this Court's procedures and convinces us that respondent's motion for protective order should be granted. See Branerton Corp. v. Commissioner, 61 T.C. 691, 692 (1974); see also Roat v. Commissioner, 847 F.2d 1379, 1382-1383 (9th Cir. 1988) (upholding this Court's granting of a protective order against discovery where the taxpayers propounded interrogatories, dealing mainly with the Government's authority to tax, to which a response would have been "onerous and pointless", and made no effort to consult informally).

In its order the Court encouraged the parties to consult informally to exchange information and to stipulate facts pursuant to Rule 91(a). The Court warned petitioner that the continued assertion of frivolous or groundless arguments may result in the imposition of penalties pursuant to section 6673(a)(1).

By letter to petitioner dated December 2, 2010, respondent's counsel requested a conference so that the parties might consult informally and attempt to prepare stipulations as required by this Court. The letter specified the types of income, payors, and amounts of income that respondent alleged gave rise to petitioner's underlying liability for 2002. The letter requested that petitioner admit or deny receiving the items of income listed in the letter and provide various other information, including an income tax return for 2002 and documents to substantiate

any expenses or deductions he intended to claim for 2002. On December 15, 2010, respondent's counsel had a telephone conference with petitioner and his representative.

On December 17, 2010, respondent filed with the Court a request for admissions, consisting of 11 numbered requests that petitioner admit or deny facts identifying the sources and amounts of income that he received in 2002, as reported to respondent by third parties. On January 24, 2011, petitioner filed an objection to respondent's request for admissions, asserting that each requested admission was "irrelevant" and "not likely to lead to the discovery of admissible evidence." On January 31, 2011, respondent filed a motion to review the sufficiency of petitioner's objection to respondent's request for admissions. In this motion respondent stated that in the December 15, 2010, conference, petitioner had refused to answer respondent's questions and refused to stipulate any documents, including the administrative record. By order dated February 11, 2011, the Court granted respondent's motion and deemed petitioner to have admitted the matters contained in respondent's request for admissions.[6]

---

[6]The deemed admissions establish that in 2002 petitioner received the following items of income: (1) $1,135 in net gains from sale of stock; (2) $34 in dividends from Key National Bank Association; (3) $208 in royalties from Bidwell and Co.; (4) $65 of interest income from Bidwell and Co.; (5)

(continued...)

On January 18, 2011, petitioner filed a motion for leave to engage in discovery with respondent, seeking to discover the same information or type of information as had been described in the "informal request for discovery" that had been the subject of three previous Court orders denying the requested discovery. By order dated January 25, 2011, the Court denied petitioner's motion for essentially the same reasons described in its December 8, 2010, order.

On December 20, 2011, respondent filed a motion for partial summary judgment with respect to petitioner's taxable years 1999, 2000, and 2001.[7] On February 11, 2011, the Court granted respondent's motion for partial summary judgment for 1999, 2000, and 2001, finding that there were no genuine issues of material fact in dispute with respect to these years, that having received notices of

---

[6](...continued)
$2 of interest income from Delta Enterprises, L.P.; (6) $659 of partnership gain from Delta Enterprises, L.P.; (7) $19,068 of retirement income from Pacific Coast Pension Fund; and (8) $8 of interest income from Crown Pacific Partners, Limited Partnership.

[7]Previously, on February 17, 2010, respondent had filed a motion for summary judgment, asserting that petitioner could not properly challenge the existence or amount of his underlying liability for any of the four years at issue because he received notices of deficiency for each of these years. Petitioner opposed the motion for summary judgment on the grounds that discovery had not been completed and there were factual disputes as to whether he is a "taxpayer" with "taxable income". By order dated August 5, 2010, the Court denied respondent's motion for summary judgment because of a factual issue as to whether petitioner had received a notice of deficiency for 2002.

deficiency for these years petitioner was not entitled to challenge his underlying liabilities for these years in this collection proceeding, and that he had not otherwise put forward any grounds on which we could find that respondent erred in his determinations with respect to these years. On February 28, 2011, petitioner filed a motion to vacate partial summary judgment on grounds that "basic discovery" had been denied and the trial judge was biased and should recuse himself. On March 2, 2011, the Court denied petitioner's motion.

On March 14, 2011, a trial was held. Petitioner appeared and made frivolous and groundless arguments. He contended that respondent had "deliberately concealed" the identity of the agent who had made the assessments and prepared the substitutes for returns and therefore the agent "does not exist" and therefore, in his view, there is no legal basis for the liens. Respondent filed a motion for penalties under section 6673 on the grounds that petitioner has instituted these proceedings primarily for delay and that petitioner's positions are frivolous and groundless. The Court invited petitioner to respond to this motion on brief. Petitioner has made no response to the motion.

Discussion

I. Determination To Proceed With Collection Actions for 2002 Liability

Section 6321 imposes a lien in favor of the United States on all property and property rights of a person who is liable for and fails to pay tax after demand for payment has been made. The lien arises when assessment is made and continues until the liability is paid or becomes unenforceable by lapse of time. Sec. 6322. For the lien to be valid against certain third parties, the Secretary must file a notice of Federal tax lien; within five business days thereafter, the Secretary must provide written notice to the taxpayer. Secs. 6320(a), 6323(a). The taxpayer then has 30 days to request an administrative hearing before an Appeals officer. Sec. 6320(a)(3)(B), (b)(1); sec. 301.6320-1(c)(1), Proced. & Admin. Regs. To the extent practicable, a hearing requested under section 6320 is to be held in conjunction with a related hearing requested under section 6330. Sec. 6320(b)(4).

Section 6330 requires the Secretary to furnish a person notice and opportunity for a hearing before levying on the person's property. At the hearing, the person may raise any relevant issue relating to the unpaid tax or proposed levy, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. Sec. 6330(c)(2)(A). The person may challenge the underlying tax liability only if the person did not receive a notice of deficiency or did

not otherwise have an opportunity to dispute the liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000). After receiving a notice of determination, the person may seek judicial review in this Court. Sec. 6330(d)(1); Pension Protection Act of 2006, Pub. L. No. 109-280, sec. 855(a), 120 Stat. at 1019. If the validity of the underlying tax liability is properly at issue, we review that issue de novo. Sego v. Commissioner, 114 T.C. at 610. Other issues we review for abuse of discretion. Id.

Respondent concedes that petitioner is entitled to challenge his underlying liability for 2002. Petitioner bears the burden of proving that respondent's determination of his underlying liability is erroneous.[8] See Rule 142(a).

Petitioner's deemed admissions establish that in 2002 he received income of $21,179. This amount is made up of net gains from the sale of stock, interest, dividends, royalties, partnership gains, and retirement income from a pension fund,

_____

[8]Petitioner has not asserted that the burden of proof as to any factual issue should shift to respondent pursuant to sec. 7491(a). In any event, sec. 7491(a) does not apply to shift the burden of proof because petitioner has failed to substantiate items, maintain records, and cooperate fully with respondent. See sec. 7491(a)(2).

as reported to the IRS by third parties.[9]  Under the Code, these items are clearly taxable.  See sec. 61(a)(3), (4), (6), (7), (11), (13).  Petitioner has not expressly disputed receiving any of this income or presented any evidence or made any judicially cognizable argument to properly challenge his 2002 underlying liability.  Instead, petitioner has espoused frivolous and groundless arguments, including, notably, the argument that he made in objecting to respondent's request for admissions, that the amounts and sources of his 2002 income are "irrelevant".  This argument appears to emanate from his nonsensical contention, as appears repeatedly in his petition and in other materials filed with this Court, that he is not liable for Federal income taxes because he is not a "taxpayer".[10]

The petition contains no specific allegations or supporting facts regarding the section 6651(a)(1) addition to tax for failure to file his 2002 tax return timely.

---

[9]In the notice of deficiency for 2002 respondent determined that petitioner had gross income of $24,604.  Respondent concedes that this determination is overstated insofar as it exceeds the income established by the deemed admissions.

[10]In support of this frivolous argument, petitioner cites Econ. Plumbing & Heating Co. v. United States, 200 Ct. Cl. 31 (1972).  Petitioner's reliance on that case is misplaced.  The plaintiffs in Econ. Plumbing claimed that money owed to them under a contract had been wrongfully applied to the payment of a third party's taxes.  The court held that those plaintiffs were not entitled to maintain a tax refund suit because they were not the taxpayers against whom the taxes had been assessed.  Econ. Plumbing is not germane to the case before us because, if for no other reason, this is not a tax refund suit.

Petitioner's frivolous arguments at trial and the many documents he has filed with the Court similarly do not specifically address any issue regarding the addition to tax. We deem petitioner to have conceded this issue and hold that respondent has no burden of production under section 7491(c) as to the section 6651(a)(1) addition to tax.[11]  See Rule 34(b); see also Funk v. Commissioner, 123 T.C. 213, 217-218 (2004); Swain v. Commissioner, 118 T.C. 358, 363-365 (2002).  We conclude and hold that petitioner is liable for the section 6651(a)(1) addition to tax, subject to computational adjustments resulting from respondent's concession as to the amount of his 2002 gross income.[12]

On brief the only issue that petitioner has raised is the Court's denial of his discovery requests.  Initially we note, as explained in the Court's various orders denying petitioner's recurring discovery request, that petitioner has failed to comply with this Court's Rules and procedures regarding discovery.  In particular, he has

---

[11]Even if we were to assume, for the sake of argument, that petitioner had properly stated a claim with respect to the sec. 6651(a)(1) addition to tax, respondent has satisfied any burden of production that might arise in this regard under sec. 7491(c).  The record shows that petitioner failed to file his 2002 income tax return and, as previously discussed, that there was tax required to be shown on it.  Petitioner has asserted no facts that would establish reasonable cause as a defense to the sec. 6651(a)(1) addition to tax.

[12]On brief respondent concedes that petitioner is not liable for the sec. 6651(a)(2) addition to tax.

failed to seek in good faith to attain the objectives of discovery through informal consultation or communication before using formal discovery procedures.[13]  See Rules 70(a)(1), 90(a).  As explained in the Court's December 8, 2010, order, petitioner's repeated attempts to make his improper discovery request, even after being advised by the Court that it was improper, and his ongoing failure to make good-faith attempts to obtain informally facts that might be germane to any nonfrivolous issues in this case constituted an abuse of this Court's procedures.  These failings would be reason enough to deny petitioner's discovery requests.  See, e.g., Odend'hal v. Commissioner, 75 T.C. 400, 403-404 (1980), aff'd, 748 F.2d 908 (4th Cir. 1984); Int'l Air Conditioning Corp. v. Commissioner, 67 T.C. 89, 93 (1976); Branerton Corp. v. Commissioner, 61 T.C. 691 (1974).

Moreover, as explained in the Court's various orders, we do not believe that petitioner's discovery requests were "reasonably calculated to lead to discovery of admissible evidence", as required by Rule 70(b).[14]  As his arguments on brief

---

[13]Although his request for discovery stated that "This is an informal request for discovery", petitioner treated it as a formal discovery request, seeking to invoke the Court's discovery procedures to compel respondent's compliance without the requisite informal consultation with respondent's counsel.

[14]The only potentially nonfrivolous item included in petitioner's discovery requests was a request for evidence of his "taxable income".  But we believe that this request was intended to subserve the frivolous argument, which appears

(continued...)

demonstrate, his requested discovery is essentially aimed at challenging the procedures that respondent used in arriving at his determinations of petitioner's deficiencies. In particular, petitioner seeks to discover the identities of IRS agents who were involved in his audit and deficiency determinations so that he might, as he states on brief, "confront" them. The identities of these agents are immaterial to the de novo record on which we review petitioner's underlying liability. It is well established that this Court generally will not explore, either in deficiency cases or in collection cases in which the underlying liability is properly at issue, the underpinnings of a notice of deficiency to examine the Commissioner's administrative policy, motives, procedures, or evidence used in determining a deficiency. See Lunsford v. Commissioner, 117 T.C. 159, 164 (2001) (holding that this general rule applies to determination notices in collection cases); Dellacroce v. Commissioner, 83 T.C. 269, 280 (1984); Riland v. Commissioner, 79 T.C. 185, 201 (1982); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974); Kovacevich v.

---

[14](...continued)
repeatedly in his discovery request and in many other documents filed with the Court, that he is not a "taxpayer" who is subject to U.S. laws and that only foreign-earned income counts as "taxable income". This belief is bolstered by the fact that when respondent requested, months before trial, that he admit or deny the specified amounts and sources of income that respondent had determined he had received in 2002, petitioner refused to either admit or deny these items, objecting that they were "irrelevant".

Commissioner, T.C. Memo. 2009-160 n.6 (denying the taxpayer's request to reopen the trial record in a collection case to permit testimony of an IRS employee allegedly responsible for the taxpayer's tax audit because, in pertinent part, "what goes on during audits is immaterial to the de novo record on which we decide deficiency cases").[15]

On brief petitioner asserts that because the Court denied his discovery request, he has been improperly subjected to an "irrefutable presumption[]/opinion" that he is a "taxpayer with taxable income". Petitioner is mistaken. The simple fact of the matter is that petitioner has presented no relevant evidence or cognizable argument to overcome his deemed admissions or otherwise to properly challenge his 2002 underlying liability.

In his petition, petitioner alleges that respondent's settlement officer erred by denying him a face-to-face hearing. Hearings conducted under section 6330 are informal proceedings and do not invariably require a face-to-face meeting. Sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. In certain circumstances the

---

[15]On brief petitioner complains that the Court "granted summary judgment when there was no discovery permitted". For the sake of completeness and clarity, we note that the Court granted partial summary judgment with respect to petitioner's taxable years 1999, 2000, and 2001. As previously explained, petitioner's underlying liabilities for those years, for which he admits having received notices of deficiency, are not properly at issue in this collection proceeding.

hearing may be conducted by telephone or correspondence.  Id.; see Katz v. Commissioner, 115 T.C. 329, 337-338 (2000).  Once a taxpayer has been given a reasonable opportunity for a hearing but has failed to avail himself of the opportunity, the Appeals officer may proceed in making a determination by reviewing the case file. See, e.g., Oropeza v. Commissioner, T.C. Memo. 2008-94, aff'd, 402 Fed. Appx. 221 (9th Cir. 2010); Taylor v. Commissioner, T.C. Memo. 2004-25, aff'd, 130 Fed. Appx. 934 (9th Cir. 2005); sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs.

Petitioner was offered two telephone hearings but failed to avail himself of either one.  Moreover, petitioner raised only frivolous issues with respect to his underlying liabilities for the years 1999 through 2001.  With respect to his 2002 taxable year he also asserted that he did not receive a notice of deficiency and that he was therefore entitled to challenge his underlying liability for 2002.  But he failed to identify any nonfrivolous basis for any such challenge to his underlying liability--a failure that persists in this proceeding.  In any event, in the light of petitioner's failure to identify any legitimate issue regarding his 2002 underlying liability or any other aspect of respondent's determination, it is unnecessary and would be unproductive to remand this case for further proceedings on account of the lack of a face-to-face hearing.  See, e.g., Lunsford v. Commissioner, 117 T.C. at 189; Oropeza v.

Commissioner, T.C. Memo. 2008-94; Leggett v. Commissioner, T.C. Memo. 2006-277; Wright v. Commissioner, T.C. Memo. 2005-291; Holliday v. Commissioner, T.C. Memo. 2005-132, aff'd, 186 Fed. Appx. 779 (9th Cir. 2006).

Petitioner has offered no collection alternatives and asserted no spousal defenses. From our review of the record we are satisfied that respondent has met the requirements of sections 6320 and 6330. Consequently, we shall sustain respondent's determinations with respect to the collection of petitioner's 2002 tax liabilities, subject to the recalculation, pursuant to Rule 155, of petitioner's underlying liability for 2002 to effect respondent's concessions in this regard.

II. Section 6673(a) Penalty

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty of up to $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in the proceedings is frivolous or groundless.

Petitioner has based his entire case on frivolous and groundless positions, notably that he is not a "taxpayer" with "taxable income" who is subject to the laws of the United States or required to file income tax returns. He has espoused these frivolous and groundless views in numerous documents filed with the Court. He has raised no legitimate issue about his 2002 underlying liability, characterizing the

amounts and sources of his income as "irrelevant". He has abused the judicial process in repeatedly making his improper discovery request, even after the Court had advised him of its impropriety, and refusing to comply with this Court's Rules and procedures. He has been warned by respondent's counsel and this Court that his frivolous and groundless positions and actions in this proceeding could subject him to penalties pursuant to section 6673. He has chosen to disregard these warnings. He has wasted this Court's and respondent's time and resources. It appears to the Court that petitioner's positions in this proceeding are frivolous and groundless and that he has instituted and maintained this proceeding primarily for delay. Consequently, we shall grant respondent's motion in that we shall require petitioner to pay to the United States a penalty of $15,000 pursuant to section 6673(a)(1).

To reflect the foregoing and to give effect to respondent's concessions as to petitioner's 2002 underlying liability,

<u>An appropriate order will be issued, and decision will be entered under Rule 155</u>.