T.C. Memo. 2003-70

UNITED STATES TAX COURT

WILLIAM A. SWANN AND JUDITH A. SWANN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8803-02L.          Filed March 13, 2003.

William A. Swann and Judith A. Swann, pro sese.

<u>Wendy S. Harris</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment and to impose a penalty under section 6673[1] (respondent's motion).  We shall grant respondent's

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

motion.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioners resided in Las Vegas, Nevada, at the time they filed the petition in this case.

On April 15, 1999, petitioners filed jointly a Federal income tax (tax) return for their taxable year 1998 (1998 joint return). In their 1998 joint return, petitioners reported total income of $0, total tax of $0, and claimed a refund of $915.18 of tax withheld. Petitioners attached to their 1998 joint return Form W-2, Wage & Tax Statement, reporting wages, tips, and other compensation of $24,724.88. Petitioners also attached a document to their 1998 joint return (petitioners' attachment to their 1998 joint return) that contained statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.[2]

On July 14, 2000, respondent issued to petitioners a notice of deficiency (notice) with respect to their taxable year 1998, which they received. In that notice, respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a) on, petitioners' tax for their taxable year 1998 in the

---

[2]Petitioners' attachment to their 1998 joint return is very similar to the documents that certain other taxpayers with cases in the Court attached to their tax returns. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

respective amounts of $9,707 and $1,755.56.

Petitioners did not file a petition in the Court with respect to the notice relating to their taxable year 1998. Instead, on July 20, 2000, in response to the notice, petitioners sent a letter (petitioners' July 20, 2000 letter) to the Internal Revenue Service that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[3]

On May 7, 2001, respondent assessed petitioners' tax, as well as any penalties and interest as provided by law, for their taxable year 1998. (We shall refer to those assessed amounts, as well as interest as provided by law accrued after May 7, 2001, as petitioners' unpaid liability for 1998.)

Respondent issued to petitioners the notice and demand for payment required by section 6303(a) with respect to petitioners' unpaid liability for 1998.

On August 23, 2001, respondent issued to petitioners a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to their taxable year 1998. On or about September 23, 2001, in response to the notice of intent to levy, petitioners filed Form 12153, Request for a

___

[3]Petitioners' July 20, 2000 letter is very similar to the letters that certain other taxpayers with cases in the Court sent to the Internal Revenue Service in response to the notices issued to them. See, e.g., Copeland v. Commissioner, supra; Smith v. Commissioner, supra.

Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). Petitioners attached a document to their Form 12153 (petitioners' attachment to Form 12153) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[4]

On March 12, 2002, a settlement officer with the Appeals Office (settlement officer) held an Appeals Office hearing with petitioners with respect to the notice of intent to levy. At the Appeals Office hearing, the settlement officer gave petitioners a literal transcript of account (so-called MFTRAX) with respect to their taxable year 1998.

On April 17, 2002, the Appeals Office issued to petitioners a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination). An attachment to the notice of determination stated in pertinent part:

### Verification of Legal and Procedural Requirements

The Secretary has provided sufficient verification that all legal and procedural requirements have been met. Computer transcripts have been reviewed by Appeals, verifying the assessments.

---

[4]Petitioners' attachment to Form 12153 contained statements, contentions, arguments, and requests that are very similar to the statements, contentions, arguments, and requests contained in the attachments to Forms 12153 filed with the Internal Revenue Service by certain other taxpayers with cases in the Court. See, e.g., Copeland v. Commissioner, supra; Smith v. Commissioner, supra.

The assessment was made, and notice and demand was issued by regular mail to the taxpayers' last known address, as required under IRC 6303. The notices required under IRC 6331(d) and IRC 6330 were combined in Letter 1058, dated 08/23/2001, which was mailed certified to the taxpayers' last known address. The taxpayers responded with Form 12153, Request for a Collection Due Process Hearing, which was timely received and was postmarked 09/20/2001. The taxpayers are entitled to judicial review. This is a levy issue only.

A MFTRAX transcript was reviewed, and a copy was provided to the taxpayers at the face-to-face Collection Due Process hearing held on 03/12/2002. In attendance were the taxpayer, a taxpayer witness, Settlement Officer Donna Fisher, and Settlement Officer Renee Swall. * * * The hearing was audio-recorded by the taxpayer and Settlement Officer Donna Fisher.

Settlement Officer Donna Fisher has had no prior involvement with respect to this tax liability.

**Issues Raised by the Taxpayer**

The taxpayers disagree with the assessment. They filed a zero income, zero tax due return, attaching several pages of non-filer arguments and a Form W-2 showing taxable wages of $24,724.88. They also had additional taxable income, bringing their total income to $52,556 for tax year 1998. Their return was examined, and they were issued a statutory notice of deficiency, dated 07/14/2000, for additional tax of $9,707 plus penalty and interest. They responded to the notice of deficiency with a letter dated 07/20/2000. This letter raised no relevant arguments, and they did not petition the tax court. Since they had a previous opportunity to dispute the assessment, they were precluded under the Collection Due Process procedures from raising as an issue the amount or existence of the underlying assessment.

The taxpayers raised no non-filer arguments.

Collection alternatives were raised with the taxpayers. They indicated they would full [sic] pay the tax if it could be proven to them that they are liable for it. However, the non-filer arguments attached to their 1998

return include, in part, their statement "... we know that no section of the Internal Revenue Code: 1) Establishes an income tax 'liability'..." In essence, this argument is repeated again in their attachment to their Form 12153. Therefore, further discussion was considered non-productive. In addition, since the taxpayers are not in filing compliance for tax year 2000, they are not now eligible for an offer or an installment agreement.

**Balancing the Need for Efficient Collection with Taxpayer Concerns**

The requirements of all applicable laws and administrative procedures have been met. The assessment is valid. Given the taxpayers [sic] continued lack of compliance with the tax laws, a levy or levies on their property and/or rights to property would not be considered more intrusive than necessary when balancing the taxpayers' concerns with the government's need for efficient collection of the taxes.

### Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

As was true of petitioners' attachment to their 1998 joint

return, petitioners' July 20, 2000 letter, and petitioners'
attachment to Form 12153, petitioners' response contains conten-
tions, arguments, and requests that the Court finds to be frivo-
lous and/or groundless.[5]

Based upon our examination of the entire record before us,
we find that respondent did not abuse respondent's discretion in
determining to proceed with the collection action as determined
in the notice of determination with respect to petitioners'
taxable year 1998.

In respondent's motion, respondent requests that the Court
require petitioners to pay a penalty to the United States pursu-
ant to section 6673(a)(1). Section 6673(a)(1) authorizes the
Court to require a taxpayer to pay to the United States a penalty
in an amount not to exceed $25,000 whenever it appears to the
Court, inter alia, that a proceeding before it was instituted or
maintained primarily for delay, sec. 6673(a)(1)(A), or that the
taxpayer's position in such a proceeding is frivolous or ground-
less, sec. 6673(a)(1)(B).

In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we
issued an unequivocal warning to taxpayers concerning the imposi-

---

[5]The contentions, arguments, and requests set forth in
petitioners' response are very similar to the contentions,
arguments, and requests set forth in responses by certain other
taxpayers with cases in the Court to motions for summary judgment
and to impose a penalty under sec. 6673 filed by the Commissioner
of Internal Revenue in such other cases. See, e.g., Smith v.
Commissioner, T.C. Memo. 2003-45.

tion of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.

In the instant case, petitioners advance, we believe primarily for delay, frivolous and/or groundless contentions, arguments, and requests, thereby causing the Court to waste its limited resources. We shall impose a penalty on petitioners pursuant to section 6673(a)(1) in the amount of $2,500.

We have considered all of petitioners' contentions, arguments, and requests that are not discussed herein, and we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

An appropriate order granting respondent's motion and decision will be entered for respondent.