T.C. Memo. 2005-291

UNITED STATES TAX COURT

GARY WRIGHT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4311-04L.                    Filed December 20, 2005.

        P filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R
that levy action was appropriate.

        <u>Held</u>:  Because P has advanced groundless
complaints in dispute of the notice of intent to levy,
R's determination to proceed with collection action is
sustained.

        <u>Held</u>, <u>further</u>, a penalty under sec. 6673, I.R.C.,
is due from P and is awarded to the United States in
the amount of $2,500.


Gary Wright, pro se.

<u>Alan J. Tomsic</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.[1] The issues for decision are:  (1) Whether respondent may proceed with collection action as so determined, and (2) whether the Court, sua sponte, should impose a penalty under section 6673.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of the parties are incorporated herein by this reference.

This case involves petitioner's 1993 and 1994 income tax liabilities.  Petitioner did not file a Federal income tax return for either the 1993 or the 1994 taxable year.  On June 9, 1997, respondent issued to petitioner a separate statutory notice of deficiency for each of these years.  The notices were returned undelivered, rather than received by petitioner, and petitioner did not file a petition with this Court in response thereto. Respondent assessed the determined deficiencies, additions to tax, and interest for 1993 and 1994 on October 13, 1997.  Notices

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

of balance due were sent to petitioner with respect to each year on that date and on November 17, 1997.

On May 7, 2003, respondent issued to petitioner a Final Notice of Intent To Levy and Notice of Your Right to a Hearing with respect to his unpaid liabilities for 1993 and 1994. Petitioner timely submitted to respondent a Form 12153, Request for a Collection Due Process Hearing, with attachments, setting forth his disagreement with the proposed levy. He stated on the Form 12153: "Don't owe any money", and listed on the attached sheets enumerated documents (pertaining to, among other things, underlying tax liability, assessment, notice and demand for payment, and verification from the Secretary that the requirements of any applicable law or procedure had been met) that he requested be provided at the hearing before he would be "persuaded that I am legally obligated to pay the taxes at issue." He also asserted that he would be recording the hearing pursuant to section 7521(a)(1).

By a letter dated October 8, 2003, Michael A. Freitag, the settlement officer to whom petitioner's case had been assigned, explained that the Internal Revenue Service (IRS) Office of Appeals did not provide face-to-face hearings where the only items for discussion raised by the taxpayer were those deemed by the courts to be frivolous or groundless. Accordingly, Mr. Freitag scheduled a telephone conference for November 4, 2003,

but afforded petitioner an opportunity within 15 days to submit relevant issues justifying an in-person interview. Petitioner did not respond with legitimate issues but apparently spoke with Mr. Freitag on November 4, 2003, continuing to insist on his right to a face-to-face hearing. He was not afforded such an in-person interview; instead, a series of letters resulted in what was essentially a hearing by correspondence.

Petitioner sent a letter dated November 10, 2003, reiterating and expanding upon his demands for a face-to-face hearing and extensive documentation. He further tendered various arguments about not having any "Income" in the "Constitutional sense" and not being taxable under the provisions of section 861. Mr. Freitag then sent two followup letters, dated November 19 and 21, 2003, respectively.

In the first, Mr. Freitag discussed at length the substance of his review of petitioner's case. Mr. Freitag again emphasized the need to raise relevant issues and petitioner's failure to do so, and he warned about the possibility of sanctions. Concerning liability, the letter noted: "As you did not have a prior opportunity to dispute the assessments, you were allowed to challenge the amount or existence of the underlying liability at a CDP hearing however [sic] you have neglected to point [sic] any irregularities in the making of the assessment. Instead you have

continued with your non-filer arguments."[2]  The letter similarly observed that because petitioner was "not in filing compliance" for 1995 through 2002, collection alternatives were unavailable. Mr. Freitag enclosed with the letter copies of Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters; copies of the cases <u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000), and <u>Nestor v. Commissioner</u>, 118 T.C. 162 (2002); and copies of various Internal Revenue Code sections and IRS publications addressing tax liability and frivolous arguments.

In the second letter, Mr. Freitag dealt specifically with a statement in petitioner's November 10, 2003, letter that referenced referral of his case to the IRS National Office for "technical advice".  To the extent that petitioner's statement was construed as a request for such a referral, Mr. Freitag denied the request on grounds that no issue of sufficient complexity to meet the standards for National Office review had been presented.  Petitioner was given 10 days to respond with further information that might justify referral.

On February 2, 2004, respondent issued to petitioner the aforementioned Notice of Determination Concerning Collection

---

[2] In contrast, an explanatory attachment to the subsequent Feb. 2, 2004, notice of determination recites that petitioner had a prior opportunity to dispute assessment and could not challenge the underlying liability.  The earlier correspondence quoted above, corroborated by the testimony of Mr. Freitag at trial, reflects that petitioner was not precluded from challenging his underlying liability during the collection hearing process.

Action(s) Under Section 6320 and/or 6330, sustaining the proposed levy action.  An attachment to the notice addressed the verification of legal and procedural requirements, the issues raised by the taxpayer, and the balancing of efficient collection and intrusiveness.  According to the attachment, petitioner "raised no non-frivolous issues."

A document received by the Court from petitioner was filed as a timely mailed petition disputing the notice of determination on March 5, 2004, and an amended petition was filed on May 27, 2004.  Both documents reflected an address in Las Vegas, Nevada. In a statement attached to the amended petition, petitioner complained principally about the failure of the IRS to provide a face-to-face hearing and requested documentation.  He espoused a position that he was not liable for any taxes and prayed, inter alia, that we order the IRS "to stop all illegal attempts to extort money" from him.

This case was called from the calendar of the trial session of the Court in Las Vegas, Nevada, on December 6, 2004, and a trial was held on December 8, 2004.  At the trial, petitioner filed two motions identical in substance, one of which was titled a motion to restrain assessment or collection and the other of which was titled a motion to dismiss.  In these motions, petitioner essentially rehashed his arguments regarding lack of a hearing and insufficient documentation.  The Court took the

motions under advisement and proceeded to hear petitioner's

case.[3]

At the outset, the Court explained to petitioner as follows:

> This is your chance to raise any issues that you wanted to raise had you gotten a face to face hearing with Appeals. * * *

> \*　\*　\*　\*　\*　\*　\*

> If you want to raise any issues, you need to raise them here today in this court, and based on the evidence introduced and my review of any briefs, and subject to whatever action I might take on your motions, and then I will decide whether you have been treated unfairly.

> And if so, what the appropriate remedy is.  But you need to bring out whatever issues you want to bring out today, because I think that it is your last chance unless I take some other action.

Petitioner's comments during the ensuing trial, however, failed

to raise any points not previously pressed or to identify any

specific colorable issues for remand.  At the conclusion of the

trial, the parties were afforded an opportunity to submit

posttrial briefs.  Only respondent did so.

---

[3] For all the reasons set forth _infra_ in text, petitioner's above-referenced motions shall be denied in conjunction with issuance of this opinion, without need for further separate discussion.

OPINION

I.  Collection Actions

   A.  General Rules

Section 6331(a) authorizes the Commissioner to levy upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability within 10 days after notice and demand for payment.  Sections 6331(d) and 6330 then set forth procedures generally applicable to afford protections for taxpayers in such levy situations.  Section 6331(d) establishes the requirement that a person be provided with at least 30 days' prior written notice of the Commissioner's intent to levy before collection may proceed.  Section 6331(d) also indicates that this notification should include a statement of available administrative appeals.  Section 6330(a) expands in several respects upon the premise of section 6331(d), forbidding collection by levy until the taxpayer has received notice of the opportunity for administrative review of the matter in the form of a hearing before the IRS Office of Appeals.  Section 6330(b) grants a taxpayer who so requests the right to a fair hearing before an impartial Appeals officer.

Section 6330(c) addresses the matters to be considered at the hearing:

     SEC. 6330(c).  Matters Considered at Hearing.--In
the case of any hearing conducted under this section--

(1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.

(2) Issues at hearing.--

(A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--

(i) appropriate spousal defenses;

(ii) challenges to the appropriateness of collection actions; and

(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

(B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Once the Appeals officer has issued a determination regarding the disputed collection action, section 6330(d) allows the taxpayer to seek judicial review in the Tax Court or a U.S. District Court, depending upon the type of tax.  In considering whether taxpayers are entitled to any relief from the Commissioner's determination, this Court has established the following standard of review:

where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis. However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. [Sego v. Commissioner, 114 T.C. 604, 610 (2000).]

B. Analysis

1. Appeals Hearing

Hearings conducted under section 6330 are informal proceedings, not formal adjudications. Katz v. Commissioner, 115 T.C. 329, 337 (2000); Davis v. Commissioner, 115 T.C. 35, 41 (2000). There exists no right to subpoena witnesses or documents in connection with section 6330 hearings. Roberts v. Commissioner, 118 T.C. 365, 372 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, 118 T.C. at 166-167; Davis v. Commissioner, supra at 41-42. Taxpayers are entitled to be offered a face-to-face hearing at the Appeals Office nearest their residence. Where the taxpayer declines to participate in a proffered face-to-face hearing, hearings may also be conducted by telephone or correspondence. Katz v. Commissioner, supra at 337-338; Dorra v. Commissioner, T.C. Memo. 2004-16; sec. 301.6330-1(d)(2), Q&A-D6 and D7, Proced. & Admin. Regs. Furthermore, once a taxpayer has been given a reasonable opportunity for a hearing but has failed to avail himself or herself of that opportunity, we have approved the making of a determination to proceed with collection based on the Appeals officer's review of the case

file.  See, e.g., <u>Taylor v. Commissioner</u>, T.C. Memo. 2004-25, affd. 130 Fed. Appx. 934 (9th Cir. 2005); <u>Leineweber v. Commissioner</u>, T.C. Memo. 2004-17; <u>Armstrong v. Commissioner</u>, T.C. Memo. 2002-224; <u>Gougler v. Commissioner</u>, T.C. Memo. 2002-185; <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48.  Thus, a face-to-face meeting is not invariably required.

Regulations promulgated under section 6330 likewise incorporate many of the foregoing concepts, as follows:

Q-D6.  How are CDP hearings conducted?

A-D6.  * * * CDP hearings * * * are informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting.  A CDP hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof. * * *

Q-D7.  If a taxpayer wants a face-to-face CDP hearing, where will it be held?

A-D7.  The taxpayer must be offered an opportunity for a hearing at the Appeals office closest to taxpayer's residence or, in the case of a business taxpayer, the taxpayer's principal place of business.  If that is not satisfactory to the taxpayer, the taxpayer will be given an opportunity for a hearing by correspondence or by telephone.  If that is not satisfactory to the taxpayer, the Appeals officer or employee will review the taxpayer's request for a CDP hearing, the case file, any other written communications from the taxpayer (including written communications, if any, submitted in connection with the CDP hearing), and any notes of any oral communications with the taxpayer or the taxpayer's representative.  Under such circumstances, review of those documents will constitute the CDP hearing for the

purposes of section 6330(b).  [Sec. 301.6330-1(d)(2),
Q&A-D6 and D7, Proced. & Admin. Regs.]

This Court has cited the above regulatory provisions, and corresponding promulgations under section 6320, with approval. See, e.g., Taylor v. Commissioner, supra; Leineweber v. Commissioner, supra; Dorra v. Commissioner, supra; Gougler v. Commissioner, supra.

With respect to the instant matter, the record reflects that petitioner was not afforded an opportunity for a face-to-face hearing when all of the issues he raised were deemed frivolous or groundless.  He had, however, stated an intent to record the collection hearing he requested in his Form 12153.  In Keene v. Commissioner, 121 T.C. 8, 19 (2003), this Court held that taxpayers are entitled, pursuant to section 7521(a)(1), to audio record a face-to-face section 6330 hearing.  The taxpayer in that case had refused to proceed when denied the opportunity to record, and we remanded the case to allow a recorded Appeals hearing.  Id.

In contrast, we have distinguished, and declined to remand, cases where the taxpayer had participated in an Appeals Office hearing, albeit unrecorded, and where all issues raised by the taxpayer could be properly decided from the existing record. E.g., id. at 19-20; Frey v. Commissioner, T.C. Memo. 2004-87; Durrenberger v. Commissioner, T.C. Memo. 2004-44; Brashear v. Commissioner, T.C. Memo. 2003-196; Kemper v. Commissioner, T.C.

Memo. 2003-195. Stated otherwise, cases will not be remanded to Appeals, nor determinations otherwise invalidated, merely on account of the lack of a recorded face-to-face hearing when to do so is not necessary and would not be productive.[4] See, e.g., Frey v. Commissioner, supra; Durrenberger v. Commissioner, supra; Brashear v. Commissioner, supra; Kemper v. Commissioner, supra; see also Lunsford v. Commissioner, 117 T.C. 183, 189 (2001). A principal scenario falling short of the necessary or productive standard exists where the taxpayers rely on frivolous or groundless arguments consistently rejected by this and other courts. See, e.g., Frey v. Commissioner, supra; Brashear v. Commissioner, supra; Kemper v. Commissioner, supra.

Here, although extensive correspondence had passed between petitioner and the Appeals Office, petitioner had continued throughout the process to insist on his right to an in-person interview. Accordingly, because he viewed himself as never having been afforded the hearing he requested, the record did not foreclose the possibility that petitioner might have raised valid

---

[4] This standard has been consistently applied at the judicial level in determining whether remand is warranted. At the administrative level, existing regulations on their face would seem generally to require that a face-to-face hearing be offered to all requesting taxpayers. See sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs. The courts have not viewed failure to so offer a hearing as grounds for remand where only frivolous contentions are advanced by the taxpayer. Proposed regulations parallel the judicial approach. See sec. 301.6330-1(d)(2), Q&A-D7 and D8, Proposed Proced. & Admin. Regs., 70 Fed. Reg. 54687 (Sept. 16, 2005).

arguments.  Accordingly, we provided petitioner an opportunity before the Court at the trial session in Las Vegas to identify any legitimate issues he wished to raise that could warrant further consideration of the merits of his case by the Appeals Office or this Court.  Petitioner, however, merely continued to focus on the denial of a hearing and offered no substantive issues of merit.

Hence, despite repeated warnings and opportunities, the only contentions other than the face-to-face hearing advanced by petitioner are, as will be further discussed below, of a nature previously rejected by this and other courts.  The record therefore does not indicate that any purpose would be served by remand or additional proceedings.  The Court concludes that all pertinent issues relating to the propriety of the collection determination can be decided through review of the materials before it.

## 2.  Review of Underlying Liabilities

Statutory notices of deficiency for 1993 and 1994 were issued to petitioner.  However, the parties stipulated that petitioner did not receive those notices, and respondent has agreed that petitioner was entitled to challenge his underlying liability under section 6330(c)(2)(B).  Yet petitioner has at no time offered even a scintilla of evidence that would show error in respondent's determinations.  His only contentions bearing on

liability, generally challenging the income tax laws, have been of a patently frivolous nature and warrant no further comment. See <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.").

### 3. <u>Review for Abuse of Discretion</u>

Petitioner has also made various arguments relating to aspects of the assessment and collection procedures that we review for abuse of discretion. Action constitutes an abuse of discretion under this standard where arbitrary, capricious, or without sound basis in fact or law. <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

Federal tax assessments are formally recorded on a record of assessment in accordance with section 6203. The Commissioner is not required to use Form 23C in making an assessment. <u>Roberts v. Commissioner</u>, 118 T.C. at 369-371. Furthermore, section 6330(c)(1) mandates neither that the Appeals officer rely on a particular document in satisfying the verification requirement nor that the Appeals officer actually give the taxpayer a copy of the verification upon which he or she relied. <u>Craig v. Commissioner</u>, 119 T.C. 252, 262 (2002); <u>Nestor v. Commissioner</u>, 118 T.C. at 166.

A Form 4340, for instance, constitutes presumptive evidence that a tax has been validly assessed pursuant to section 6203. Davis v. Commissioner, 115 T.C. at 40 (and cases cited threat). Consequently, absent a showing by the taxpayer of some irregularity in the assessment procedure that would raise a question about the validity of the assessments, a Form 4340 reflecting that tax liabilities were assessed and remain unpaid is sufficient to support collection action under section 6330. Id. at 40-41. We have specifically held that it is not an abuse of discretion for an Appeals officer to rely on Form 4340, Nestor v. Commissioner, supra at 166; Davis v. Commissioner, supra at 41, or a computer transcript of account, Schroeder v. Commissioner, T.C. Memo. 2002-190; Mann v. Commissioner, T.C. Memo. 2002-48, to comply with section 6330(c)(1).

Here, the record contains Forms 4340 for 1993 and 1994, indicating that assessments were made for each of these years and that taxes remain unpaid. Petitioner has cited no irregularities that would cast doubt on the information recorded thereon.

In addition to the specific dictates of section 6330, the Secretary, upon request, is directed to furnish to the taxpayer a copy of pertinent parts of the record of assessment setting forth the taxpayer's name, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed. Sec. 6203; sec. 301.6203-1, Proced. & Admin.

Regs.  A taxpayer receiving a copy of Form 4340 has been provided with all the documentation to which he or she is entitled under section 6203 and section 301.6203-1, Proced. & Admin. Regs. Roberts v. Commissioner, supra at 370 n.7.  This Court likewise has upheld collection actions where taxpayers were provided with literal transcripts of account (so-called MFTRAX).  See, e.g., Frank v. Commissioner, T.C. Memo. 2003-88; Swann v. Commissioner, T.C. Memo. 2003-70.  The November 19, 2003, letter to petitioner from Mr. Freitag enclosed copies of Forms 4340.  Furthermore, arguments similar to petitioner's statements concerning copies of the tax returns from which assessments were made have been summarily rejected.  See, e.g., Bethea v. Commissioner, T.C. Memo. 2003-278; Fink v. Commissioner, T.C. Memo. 2003-61.  The Court concludes that petitioner's complaints regarding the assessments and verification are meritless.

Petitioner has also raised the notice and demand for payment that section 6303(a) establishes should be given within 60 days of the making of an assessment.  However, a notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a).  Craig v. Commissioner, supra at 262-263.  The Forms 4340 indicate that petitioner was sent notices of balance due for each of the tax years involved.

Thus, with respect to those issues enumerated in section 6330(c)(2)(A) and subject to review in collection proceedings for

abuse of discretion, petitioner has not raised any spousal defenses, valid challenges to the appropriateness of the collection action, or collection alternatives.  As this Court has noted in earlier cases, Rule 331(b)(4) states that a petition for review of a collection action shall contain clear and concise assignments of each and every error alleged to have been committed in the notice of determination and that any issue not raised in the assignments of error shall be deemed conceded.  See Lunsford v. Commissioner, 117 T.C. at 185-186; Goza v. Commissioner, 114 T.C. 176, 183 (2000).  For completeness, we have addressed various points advanced by petitioner during the administrative process and this litigation, but the items listed in section 6330(c)(2)(A) were not pursued in any proceedings. Accordingly, the Court concludes that respondent's determination to proceed with collection of petitioner's tax liabilities was not an abuse of discretion.

II.  Section 6673 Penalty

Section 6673(a)(1) authorizes the Court to require the taxpayer to pay a penalty not in excess of $25,000 when it appears to the Court that, inter alia, proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  In Pierson v. Commissioner, 115 T.C. at 581, we warned that taxpayers abusing the protections afforded by

sections 6320 and 6330 through the bringing of dilatory or frivolous lien or levy actions will face sanctions under section 6673. We have since repeatedly disposed of cases premised on arguments akin to those raised herein summarily and with imposition of the section 6673 penalty. See, e.g., <u>Craig v. Commissioner</u>, 119 T.C. at 264-265 (and cases cited threat).

With respect to the instant matter, we are convinced that petitioner instituted this proceeding primarily for delay. Throughout the administrative and trial process, petitioner advanced contentions and demands previously and consistently rejected by this and other courts. He submitted communications quoting, citing, using out of context, and otherwise misapplying portions of the Internal Revenue Code, regulations, Supreme Court decisions, and other authorities. He ignored the Court's explicit warning that any further proceedings would be justified only in the face of relevant and nonfrivolous issues.

Moreover, petitioner was, on multiple occasions, expressly alerted to the potential use of sanctions in his case. Even at the calendar call the Court specifically warned petitioner about section 6673. Yet he appeared at the trial 2 days later without any legitimate evidence or argument in support of his position. He instead continued to espouse those views that had been explicitly addressed and rejected in other cases previously decided by the Court. The Court sua sponte concludes that a

penalty of $2,500 should be awarded to the United States in this case.  To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.