T.C. Memo. 2007-310

UNITED STATES TAX COURT

PETER D. DAHLIN ATTORNEY AT LAW, P.S., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11555-05L.          Filed October 11, 2007.

P filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R
that levy action is appropriate.

<u>Held</u>:  R's determination to proceed with
collection by levy is sustained.

<u>Robert E. Kovacevich</u>, for petitioner.

<u>Catherine L. Campbell</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, <u>Judge</u>:  This case is before the Court on a petition

for judicial review of a Notice of Determination Concerning

Collection Action(s) Under Section 6320 and/or 6330.[1]  The issue for decision is whether respondent may proceed with collection by levy of petitioner's 2000 corporate income tax.

### FINDINGS OF FACT

Some of the facts have been stipulated by the parties.  The stipulations, with accompanying exhibits, are incorporated herein by this reference.  At the time the petition was filed petitioner's principal place of business was located in Spokane, Washington.

Petitioner is a professional corporation incorporated under the state laws of Washington, and is wholly owned by Peter Dahlin (Mr. Dahlin), an attorney.  For taxable year 2000, petitioner filed Form 1120-X, Amended U.S. Corporation Income Tax Return, that reflected a tax liability of $1,463.

On December 9, 2004, respondent mailed to petitioner a Final Notice Of Intent To Levy And Notice Of Your Right To A Hearing, which included, inter alia, petitioner's 2000 corporate Federal income tax.  Utilizing Form 12153, Request for a Collection Due Process Hearing, petitioner timely requested a "CDP hearing face to face with the hearing officer", and stated its disagreement with the assessment and levy of its corporate tax liability. Petitioner also alleged mistakes in the computation of tax due

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

and complained about "the failure to send 4340 forms with 23C dates".[2]

On March 11, 2005, the Appeals officer assigned to petitioner's case, Kathleen Derrick (Ms. Derrick), mailed to petitioner a letter entitled We Received Your Request for A Collection Due Process Hearing And We Need To Advise You On Procedures. The letter informed petitioner that the issues petitioner raised in its Appeals hearing request on Form 12153 were frivolous or groundless. The letter provided:

> Appeals does not provide a face-to-face conference if the only items you wish to discuss are those mentioned above. You may, however, have a telephone conference or discuss with us by correspondence any relevant challenges to the filing of the notice of federal tax lien or the proposed levy.
>
> *    *    *    *    *
>
> If you are interested in receiving a face-to-face conference, you must be prepared to discuss issues relevant to paying your tax liability. These include, for example, offering other ways to pay the taxes you owe, such as an installment agreement or offer in compromise. The Internal Revenue Manuel determines whether Appeals can accept your proposal. If you wish to have a face-to-face conference, please write me within 15 days from the date of this letter and describe the legitimate issues you will discuss.

The letter further provided that petitioner was scheduled for a telephonic hearing on March 30, 2005, at 10 a.m. Additionally, the letter instructed petitioner to fill out Form 433-B,

[2]A "23C date" is the date on which the actual assessment of the tax liability was made.

Collection Information Statement for Businesses, and return it by March 28, 2005, so that collection options could be considered. Ms. Derrick attached to the letter "literal transcripts" of petitioner's tax liability.

In response, petitioner mailed a letter, dated March 24, 2005, to Ms. Derrick, which provided that petitioner was requesting a "face to face conference" and "The legitimate issues we wish to discuss are delay and issues of mishandling of this matter." A telephonic hearing was held on March 30, 2005. That same day Ms. Derrick mailed to petitioner a letter that requested specific documents and information that would facilitate the Appeals Office's determination as to whether petitioner was entitled to a face-to-face hearing. The letter requested, inter alia, that petitioner complete and return Form 433-B, a copy of which was attached, and explain with supporting documentation why petitioner did "not owe a tax liability for the Form 1120 for the tax year 2000." The letter informed petitioner that if Ms. Derrick did not receive the relevant information by April 13, 2005,[3] she would issue a notice of determination. As of April 18, 2005, petitioner had not provided the requested information.

On May 20, 2005, respondent mailed to petitioner the above-mentioned Notice of Determination Concerning Collection Action(s)

---

[3]The letter actually stated the date as Apr. 13, 2004, which was a typographical error as the letter was dated Mar. 30, 2005.

Under Section 6320 and/or 6330.  The notice of determination

provided in pertinent part:

> We advised that some of the issues raised in your
> appeal were of a frivolous nature.  We advised that
> this was your opportunity to discuss why you believed
> you did not owe the tax and/or why you could not pay
> the tax liability.  You advised that you believe you
> were assessed additional tax because your election for
> S-corporation status was denied.  You stated that you
> believed that the denial was in error and that the IRS
> granted this status in 1999.  Your representative
> advised that you could not pay the tax because you had
> received threats on your life.[4]  You have not advised
> as to how the alleged death threats have impacted your
> ability to pay the tax liability.

The notice of determination stated that petitioner did not

provide the requested information and documentation to Ms.

Derrick.  It further provided that "Although a levy is intrusive,

you have not provided financial data that would allow our office

to consider a viable collection alternative".  The Form 4340,

Certificate of Assessments, Payments, and Other Specified

Matters, for taxable year 2000, attached as an exhibit to the

joint stipulation of facts in this case, was not obtained until

after the notice of determination was issued.  Petitioner filed a

---

[4]Mr. Dahlin's former legal assistant and office manager
solicited a "hitman" to murder him.  Respondent objected, based
on relevancy, to the admission into evidence of a newspaper
article that discussed the solicitation of first degree murder by
Mr. Dahlin's former employee and the subsequent trial.  See Fed.
R. Evid. 401.  The Court concludes that while the relevancy of
the newspaper article is certainly limited, it meets the
threshold definition of relevant evidence and is admissible.  The
Court will give the article only such consideration as is
warranted by its pertinence to the Court's analysis of the case.

timely petition, and a trial was held on June 13, 2006, in Spokane, Washington.[5]

OPINION

I.   General Rules

Pursuant to section 6331(a), if a taxpayer liable to pay taxes fails to do so within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon the taxpayer's property.  The Secretary is obliged to provide the taxpayer with 30 days' advance notice of levy and to include in the notice information regarding the administrative appeals available to the taxpayer.  Sec. 6331(d)(2), (4). Section 6330 elaborates on section 6331 and provides that upon a timely request a taxpayer is entitled to a collection hearing before the IRS Office of Appeals.  Sec. 6330(a)(3)(B), (b)(1).

At the collection hearing, the taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy," including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives.  Sec. 6330(c)(2)(A).  The taxpayer may not contest the validity of the underlying tax liability unless the taxpayer did not receive a notice of deficiency for such tax liability or

---

[5]At trial, petitioner admitted that "we're not challenging the deficiency, but we did want to get current information."

did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).

In rendering a determination, the Appeals officer must verify that the requirements of any applicable law and administrative procedure have been met.  Also, the Appeals officer must consider and weigh relevant issues relating to the unpaid tax or proposed levy, and "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."  Sec. 6330(c)(3)(B) and (C).

The taxpayer is entitled to appeal the determination of the Appeals Office if it was made on or before October 16, 2006, to the Tax Court or a U.S. District Court, depending on the type of tax at issue.  Sec. 6330(d)(1).[6]  Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The Court reviews any other administrative determination regarding the proposed levy action for an abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182.

---

[6]Determinations made after Oct. 16, 2006, are appealable only to the Tax Court.  See Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019.

II. <u>Appeals Hearing</u>

Petitioner contends that it was entitled to a face-to-face hearing because the regulations promulgated under section 6330 so provide. Section 301.6330-1(d)(2), Q&A-D7,[7] Proced. & Admin. Regs., provides:

> Q-D7. If a taxpayer wants a face-to-face CDP hearing, where will it be held?
>
> A-D7. The taxpayer must be offered an opportunity for a hearing at the Appeals office closest to taxpayer's residence or, in the case of a business taxpayer, the taxpayer's principal place of business. If that is not satisfactory to the taxpayer, the taxpayer will be given an opportunity for a hearing by correspondence or by telephone. If that is not satisfactory to the taxpayer, the Appeals officer or employee will review the taxpayer's request for a CDP hearing, the case file, any other written communications from the taxpayer (including written communications, if any, submitted in connection with the CDP hearing), and any notes of any oral communications with the taxpayer or the taxpayer's representative. Under such circumstances, review of those documents will constitute the CDP hearing for the purposes of section 6330(b).

-------

[7]Sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs., was revised in regard to the provision of face-to-face Appeals hearings. Effective Nov. 16, 2006, it provides that "a taxpayer who presents in the CDP hearing request relevant, non-frivolous reasons for disagreement with the proposed levy will ordinarily be offered an opportunity for a face-to-face conference at the Appeals office closest to taxpayer's residence." See sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs. The revised regulations promulgated under sec. 6330 further provide that a face-to-face hearing will not be provided "if the request for a hearing or other taxpayer communication indicates that the taxpayer wishes only to raise irrelevant or frivolous issues". See sec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs.

However, this Court has held that once a taxpayer has been given a reasonable opportunity for a hearing but has failed to avail himself of that opportunity, then the Commissioner may make a determination to proceed with collection based upon a review of the case file. See Lunsford v. Commissioner, 117 T.C. 183, 189-190 (2001); Carrillo v. Commissioner, T.C. Memo. 2005-290. "Thus, a face-to-face meeting is not invariably required." Carrillo v. Commissioner, supra; see Wright v. Commissioner, T.C. Memo. 2005-291; Gougler v. Commissioner, T.C. Memo. 2002-185.

In the instant case, Ms. Derrick provided petitioner an opportunity to have a face-to-face hearing, provided that petitioner submitted a written explanation of the relevant issues to be discussed, Form 433-B, and other relevant documentation. Petitioner's written explanation failed to raise any issues relevant to the underlying 2000 Federal corporate income tax liability or the collection of that tax liability, providing only that "the legitimate issues we wish to discuss are delay and issues of mishandling of this matter". Petitioner failed to submit Form 433-B and the other requested documentation. The Court concludes that petitioner was afforded a reasonable opportunity for a face-to-face hearing but failed to avail itself of that opportunity.

At trial, petitioner was afforded an opportunity to identify any legitimate issues it wished to raise that could

warrant further consideration of the merits of its case by the Appeals Office or this Court. Petitioner focused its argument on the fact that it was not provided a face-to-face hearing, nor Form 4340 with a 23C date prior to the issuance of the notice of determination, as requested. The Court concludes that all pertinent issues relating to the underlying corporate tax liability and the propriety of the collection determination can be decided based on the present record.

III. <u>Standard of Review</u>

At issue in this case is respondent's right to collect petitioner's self-determined tax liability for 2000 (i.e., the amount set forth on petitioner's filed 2000 Form 1120-X). A taxpayer's challenge to his self-determined tax liability at an Appeals Office hearing constitutes a permissible challenge to the underlying tax liability under section 6330(c)(2)(B). <u>Montgomery v. Commissioner</u>, 122 T.C. 1, 9 (2004). Petitioner contends that this Court should review the instant case de novo, stating: "The Petitioner filed the 1120 tax return and self-assessed the tax without any judicial determination." However, petitioner is not disputing the accuracy of its self-determined tax liability. See <u>supra</u> note 4. Instead, petitioner argues that it should have had a face-to-face hearing, with which the Court has already indicated its disagreement, and, as discussed and addressed

below, that it should have been provided with a Form 4340 that contained a 23C date.

It appears that petitioner's claim does not require a determination under section 6330(c)(2)(B) relating to the existence or amount of the underlying tax liability entitled to de novo review, but rather it requires a section 6330(c)(2)(A) determination relating to an "unpaid tax" subject to review for abuse of discretion.[8]  Accordingly, the Court will review the administrative record of the levy for an abuse of discretion.[9] An abuse of discretion has occurred if the "Commissioner exercised * * * [his] discretion arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Federal tax assessments are formally recorded on a record of assessment in accordance with section 6203.  The Commissioner is not required to use Form 23C in making an assessment.  Roberts v. Commissioner, 118 T.C. 365, 371 (2002), affd. 329 F.3d 1224 (11th Cir. 2003).  Furthermore, section 6330(c)(1) mandates neither

---

[8]Petitioner expressed concern with the calculation of interest on its Federal corporate income tax.  The Court notes that its authority to redetermine interest, pursuant to sec. 7481 and Rule 261, is based on a chronology that places the resolution of unpaid interest on a deficiency after the entry of decision. Accordingly, the Court lacks jurisdiction to redetermine interest at this time.

[9]The Court notes that it would also sustain respondent's determination to proceed with collection action even under a de novo standard of review.

that the Appeals officer rely on a particular document in satisfying the verification requirement nor that the Appeals officer actually give the taxpayer a copy of the verification upon which he or she relied. Craig v. Commissioner, 119 T.C. 252, 262 (2002); Nestor v. Commissioner, 118 T.C. 162, 166 (2002).

A Form 4340, for instance, constitutes presumptive evidence that a tax has been validly assessed pursuant to section 6203. Davis v. Commissioner, 115 T.C. 35, 40 (2000) (and cases cited thereat). Consequently, absent a showing by the taxpayer of some irregularity in the assessment procedure that would raise a question about the validity of the assessments, a Form 4340 reflecting that tax liabilities were assessed and remain unpaid is sufficient to support collection under section 6330. Id. at 40-41. This Court has specifically held that it is not an abuse of discretion for an Appeals officer to rely on Form 4340 to comply with section 6330(c)(1). Nestor v. Commissioner, supra; Davis v. Commissioner, supra at 41. Similarly, it is not an abuse of discretion for an Appeals officer to rely on a computer transcript of account to comply with section 6330(c)(1). Schroeder v. Commissioner, T.C. Memo. 2002-190; Mann v. Commissioner, T.C. Memo. 2002-48.

Ms. Derrick relied on computer transcripts of petitioner's account in verifying that all applicable law and administrative

procedures had been met, which is not an abuse of discretion. The record now contains Form 4340 for taxable year 2000, which indicates that an assessment was made for 2000 and that taxes remain unpaid. Petitioner has cited no irregularities that would cast doubt on the pertinent liability information recorded on Form 4340.

In addition to the specific dictates of section 6330, the Secretary, upon request, is directed to furnish to the taxpayer a copy of pertinent parts of the record of assessment setting forth the taxpayer's name, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed. Sec. 6203; sec. 301.6203-1, Proced. & Admin. Regs. A taxpayer receiving a copy of Form 4340 has been provided with all the documentation to which he or she is entitled under section 6203 and section 301.6203-1, Proced. & Admin. Regs. Roberts v. Commissioner, supra at 370 n.7. This Court has likewise upheld collection actions where taxpayers were provided with literal transcripts of account (so-called MFTRAX). See Frank v. Commissioner, T.C. Memo. 2003-88; Swann v. Commissioner, T.C. Memo. 2003-70. Ms. Derrick mailed to petitioner literal transcripts prior to the telephonic hearing, and petitioner was provided with Form 4340 subsequent to the telephonic hearing and issuance of the notice of determination, but prior to trial.

Petitioner argues, relying on <u>Huff v. United States</u>, 10 F.3d 1440 (9th Cir. 1993), that if requested, section 6203 requires copies of Forms 4340 with 23C dates to be given to the taxpayer.[10]  However, <u>Huff v. United States</u>, <u>supra</u> at 1446, held that

> Given the defect in the Forms 4340 [lack of 23C date on Mr. Huff's Form 4340] and the fact that the record contains no evidence indicating that the Huffs received copies of their assessments pursuant to their request under section 6203, we conclude there are genuine issues of material fact as to whether the IRS has complied with the requirements of section 6203.

The court in <u>Huff v. United States</u>, <u>supra</u>, did not mandate that Form 4340 must be furnished to all taxpayers who so request it in order for section 6203 to be satisfied.  Instead, it found that there were genuine issues of material fact as to whether section 6203 was satisfied in that particular case, due to one Form 4340 lacking a 23C date and the Commissioner's failing to provide requested assessments to the taxpayers.  Petitioner's reliance on <u>Huff v. United States</u>, <u>supra</u>, is misplaced.  Accordingly, this Court concludes that section 6203 was satisfied in the instant case and respondent did not abuse his discretion by providing petitioner with computer-generated transcripts instead of

---

[10]Pursuant to <u>Golsen v. Commissioner</u>, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), this Court will follow the precedent established in the court to which an appeal would lie.  Appeal in the instant case would normally lie, absent stipulation to the contrary, with the Court of Appeals for the Ninth Circuit.

Form 4340.  The Court sustains respondent's determination to proceed with collection by levy.

The Court has considered all of the petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.