T.C. Memo. 2012-182

UNITED STATES TAX COURT

ERIK STEPHEN CLARK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6118-11L.                    Filed July 2, 2012.

Erik Stephen Clark, pro se.

<u>Nancy M. Gilmore</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  This case is before the Court on respondent's motion for
summary judgment and to impose sanctions.  The case presents the question of
whether respondent abused his discretion in sustaining a notice of lien filing.  The

amounts petitioner owes arise from unpaid income tax for 2007 and penalties for 2006 and 2008. We shall grant respondent's motion for summary judgment but deny the imposition of sanctions sought by respondent.

## Background

The following facts are not in dispute.

Petitioner resided in Maryland at the time he filed the petition.

Petitioner timely filed a 2006 income tax return on which he reported wages earned of $59,062. On March 1, 2009, petitioner filed a self-prepared amended return for tax year 2006 on which he changed his wages to zero and included a Form 4852, Substitute for Form W-2, Wages and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reporting zero wages. On the amended return petitioner stated that he made the changes because--

> my company issued me an erroneous W-2 and listed my payments as "wages" as defined in the IRC Sect. 3401(a) and 3121(a), for fear of retaliation from the IRS. I am a private-sector citizen (non-federal employee), employed by a private-sector company (non-federal entity) as defined in 3401(c)(d). I am not employed in a "trade or business", nor am I an "officer of a corporation".

Petitioner timely filed a 2007 tax return which, by all accounts, properly stated the amount of his income and tax due. Petitioner was unable to pay the tax

shown on the return when due, however, and had entered into a payment plan with the Internal Revenue Service.

Petitioner filed his 2008 return on June 18, 2009, also reporting wages of zero and attaching a Form 4852.  Petitioner's reason for doing so was similar to the explanation on his amended 2006 return.

On July 9, 2009, respondent mailed a letter to petitioner which explained the $5,000 civil penalty for filing a frivolous tax return pursuant to section 6702.[1]  The letter gave petitioner a chance to avoid the civil penalty by amending his position regarding the Forms 4852 filed for 2006 and 2008.  Petitioner did not take advantage of this opportunity.  Additionally, petitioner stopped payment of 2007 tax owed as a result of "bad-faith measures taken by respondent in regard to [his] 2006 and 2008 returns."  According to petitioner, these bad-faith measures included "Committing what amounts to witness tampering by attempting to 'persuade' petitioner to change * * * [his] sworn testimony" as such "testimony" appeared on his 2006 amended return and 2008 return.

Respondent assessed a $5,000 civil penalty against petitioner for each of tax years 2006 and 2008 on September 28, 2009, and January 4, 2010, respectively.

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

On September 14, 2010, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing informing petitioner that respondent had filed a notice of Federal tax lien (NFTL) with the Circuit Court of Baltimore County, Maryland, as a result of petitioner's unpaid tax liability for 2007 and unpaid civil penalties for 2006 and 2008.[2]

Petitioner timely filed a collection due process (CDP) hearing request denying owing any penalties or "having any tax liabilities". Petitioner raised the following issues in his request--

> 1.) Proof of tax liability different from my sworn testimony has not been provided (IRC 6703(a)).
>
> 2.) A specific description of how my return meets the criteria of IRC 6702(a), 1(A) or 1(B) has not been provided.
>
> 3.) A specific description of the alleged frivolous "position" and "impeding desire" has not been provided.

On January 28, 2011, the settlement officer (SO) conducted a CDP hearing with petitioner by telephone. The SO had previously reviewed petitioner's account transcripts for 2006, 2007, and 2008 to determine whether assessment procedures

---

[2]Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for 2006 and 2008 showed no remaining tax liabilities except for the unpaid $5,000 civil penalties. The 2006 Form 4340 shows the 2006 liability was satisfied through withholding and other payment credits. The 2008 Form 4340 shows no assessments made for 2008 against petitioner and a payment credit of over $9,000 resulting from withholding.

were followed and whether all administrative and statutory requirements were met. During the CDP hearing petitioner agreed that he was liable for the 2007 unpaid tax and did not present evidence disputing his liability when offered the chance.[3] The SO asked petitioner whether he wanted to discuss collection alternatives, but petitioner declined. Petitioner continued to make arguments based on his belief that he had no tax liabilities for 2006 and 2008 because he had no wages. Petitioner also stated that he had not received a notice of deficiency for the civil penalties, and the SO explained that a notice of deficiency is not issued for civil penalties. Petitioner finally stated that he wished to present his case to the Tax Court.

On February 15, 2011, the SO issued a notice of determination upholding the filing of the NFTL as an appropriate collection action. Petitioner timely filed a petition contesting the notice of determination. Respondent filed the motion at issue and petitioner objected to the granting of the motion. A hearing on respondent's motion was held in Baltimore, Maryland.

---

[3]The SO also gave petitioner 14 days to file an amended 2007 tax return, but petitioner failed to do so.

## Discussion

### I. Summary Judgment

Summary judgment is designed to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). A motion for summary judgment may be granted where the pleadings and other materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine issue as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001).

In all summary judgment cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(e)); see also Rule 121(d); Rauenhorst v. Commissioner, 119 T.C. 157, 175

(2002); <u>FPL Grp., Inc. & Subs. v. Commissioner</u>, 115 T.C. 554, 559-560 (2000).

Petitioner filed a response to respondent's motion for summary judgment arguing that the motion should not be granted because genuine issues of material fact remain to be adjudicated.  In support of his argument, petitioner claims that:  (1) respondent "has not submitted statements of fact supported by credible evidence that petitioner has even adopted a 'position', on * * * [his tax] returns much less that the alleged position was 'frivolous'"; (2) "The entirety of respondents [sic] arguments contained in respondents [sic] motion, are based on subjective intent, i.e. respondents [sic] subjective evaluation of petitioner's intent in filing my returns" and that petitioner's amended 2006 return and 2008 return are the only documents relevant to determining whether petitioner should be liable for the section 6702 civil penalty for filing a frivolous tax return; (3) respondent's allegation that petitioner received "wages" assumes facts not in evidence and is an unsupported conclusion of law; (4) respondent did not submit into evidence relevant summary record(s) of assessment in compliance with section 301.6203-1, Proced. & Admin. Regs., in support of his assessments against petitioner, and respondent's position therefore

assumes facts not in evidence and makes unsupported conclusions of law;[4] (5) "Respondent's allegation that petitioner is a 'taxpayer' assumes facts not in evidence, and is an unsupported conclusion of law"; (6) petitioner was not given an opportunity to support his claim during the CDP hearing; and (7) respondent's allegation that petitioner's position is frivolous is an unsupported conclusion of law.

---

[4]In an order dated February 29, 2012, we noted that in lien and levy cases under secs. 6320 and 6330 we have encouraged the Commissioner to include Forms 4340 for relevant tax years when making a motion for summary judgment. Barnes v. Commissioner, T.C. Memo. 2010-30. In addition, the Chief Counsel of the Internal Revenue Service has recognized the importance of submitting Forms 4340 to the Court when filing motions for summary judgment and has instructed his attorneys that "A certified copy of an updated Form 4340 transcript should also be submitted with all summary judgment motions." Chief Counsel Notice CC-2009-010 (Feb. 13, 2009) (emphasis added) (Chief Counsel Notice CC-2009-010 was revoked by Chief Counsel Notice CC-2012-010 on May 10, 2012, after our order was issued). As respondent had not already submitted any Forms 4340 in this case, we ordered respondent to submit Forms 4340 for the relevant tax years.

We ordered petitioner to respond to the Forms 4340 provided by respondent, which he did. Petitioner in his response argues that "A Form 4340 alone, without the signed summary record of assessment named in * * * [sec. 301.6203-1, Proced. & Admin. Regs.] which it purports to support, is legally insufficient, and does not constitute credible evidence that a lawful assessment has been made." However, we have previously held that "A taxpayer receiving a copy of Form 4340 has been provided with all the documentation to which he or she is entitled under * * * section 301.6203-1, Proced. & Admin. Regs." Wright v. Commissioner, T.C. Memo. 2005-291 (citing Roberts v. Commissioner, 118 T.C. 365, 370 n.7 (2002), aff'd, 329 F.3d 1224 (11th Cir. 2003)). Petitioner also claims that the Form 4340 supplied is "suspect", but we disagree.

After consideration of petitioner's argument that genuine issues of material fact remain to be adjudicated, we disagree. We find that summary judgment is appropriate in this case.

## II. Underlying Tax Liabilities and Review of the SO's Determination

### A. Underlying Liabilities

In a CDP hearing a taxpayer may challenge the existence or amount of the underlying tax liability for any tax period if he did not receive a notice of deficiency for such liability or otherwise have an opportunity to dispute such tax liability. Sec. 6330(c)(2)(B).[5] However, we do not have authority to consider section 6330(c)(2) issues that were not raised during the CDP hearing. Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); Akonji v. Commissioner, T.C. Memo. 2012-56.

During the CDP hearing, petitioner agreed that he was liable for the 2007 unpaid tax and did not present evidence disputing his liability when offered the chance. The SO offered petitioner an additional 14 days to amend his 2007 tax return, which he failed to do. As a result, we may not consider the underlying 2007 liability.

---

[5]Although the CDP hearing in this case was a lien hearing under sec. 6320, sec. 6320(c) provides that "For purposes of this section, subsections (c), (d) (other than paragraph (2)(B) thereof), (e), and (g) of section 6330 shall apply."

Petitioner attempted to raise the underlying liabilities for the 2006 and 2008 civil penalties, but the SO refused to consider petitioner's arguments because the SO determined those arguments were based on frivolous positions taken by petitioner. A taxpayer may not raise in a hearing pursuant to section 6330(b) an issue that meets either of the requirements of section 6702(b)(2)(A)(i) or (ii), i.e., is based on a position which the Secretary has identified as frivolous under section 6702(c) or reflects a desire to delay or impede the administration of Federal tax laws. Sec. 6330(c)(4)(B); Thornberry v. Commissioner, 136 T.C. 356, 362 (2011). Considering petitioner's arguments previously discussed, we find that the positions he sought to discuss with the SO were frivolous positions identified by the Secretary in Notice 2007-30, 2007-1 C.B. 883.[6] See sec. 6702(b)(2)(A) (specifically granting the Secretary the power to identify frivolous positions for purposes of section 6702(c)); see also Alexander v. Commissioner, T.C. Memo. 2012-75 (determining

---

[6]Arguments listed as frivolous in Notice 2007-30 include: (1) the argument that "Only certain types of taxpayers are subject to income and employment taxes, such as employees of the Federal government, corporations, nonresident aliens, or residents of the District of Columbia or the Federal territories"; (2) arguments that compensation received for the performance of personal services is not taxable; and (3) arguments that "Verification * * * that the requirements of any applicable law or administrative procedure have been met may only be based on one or more particular forms or documents (which must be in a certain format), such as a summary record of assessment". Petitioner has advanced such arguments both before and after the CDP hearing.

whether positions were frivolous by looking to Notice 2007-30).  As a result, petitioner was precluded from raising these issues in the CDP hearing.  Because petitioner raised only frivolous and meritless issues regarding his underlying liabilities for the civil penalties under section 6702 for 2006 and 2008, both the SO and this Court are precluded by section 6330(c)(4)(B) from considering petitioner's arguments.

B.  Abuse of Discretion

Where a taxpayer's underlying tax liability is not in dispute, the Court reviews the Commissioner's determination for abuse of discretion.  See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).  To establish an abuse of discretion, the taxpayer must prove that the decision of the Commissioner was arbitrary, capricious, or without sound basis in fact or in law.  Giamelli v. Commissioner, 129 T.C. at 111 (citing Sego v. Commissioner, 114 T.C. at 610, and Woodral v. Commissioner, 112 T.C. 19, 23 (1999)); Tinnerman v. Commissioner, T.C. Memo. 2010-150.  In reviewing for abuse of discretion, we generally consider only the arguments, issues, and other matters that were raised at the hearing or otherwise brought to the attention of the Appeals Office.  Pough v. Commissioner, 135 T.C. 344, 350 (2010); Giamelli v.

Commissioner, 129 T.C. at 115; Tinnerman v. Commissioner, T.C. Memo. 2010-150.

Petitioner has not alleged any legitimate basis for us to determine that the SO's decision sustaining the NFTL was arbitrary, capricious, or without sound basis in fact or in law. In addition, petitioner declined to discuss collection alternatives with the SO when the SO raised the subject during the CDP hearing. Considering the facts, we find that the SO did not abuse her discretion in sustaining the NFTL, and we therefore uphold it.

III. Section 6673 Sanctions

Respondent requests that the Court impose sanctions against petitioner pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.

Petitioner has taken a multitude of frivolous and groundless positions characteristic of tax protesters. While petitioner is an intelligent person, his arguments that the wages paid to him by his employer are not income are misguided

and lack any merit. However, considering the facts of this case,[7] we decline to impose sanctions against petitioner, although we strongly warn petitioner that making such arguments before this Court in the future will likely result in the imposition of sanctions against him.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.

---

[7]We note that this is the first time petitioner has made such frivolous arguments before us.